## Case No. 8,912.

### In re McNAUGHTON.

[8 N. B. R. (1873) 44.] [1]

District Court, E. D. Michigan.

BANKRUPTCY — ORDER TO SHOW CAUSE — MOTION TO VACATE — SIGNATURE TO PETITION — ISSUE TAKEN — WAIVER — SINGLE ACT OF STOPPING PAYMENT.

1. On a motion to vacate the order to show cause, in a creditor's petition, for the reason that the verification and signature of the cashier of the bank is not a proper signature and verification, where no special authority is shown. The respondent also put in a denial of the act of bankruptcy and demanded a jury trial. *Held*, that the alleged bankrupt waived his objections by taking issue upon the petition and demand for trial.

[Cited in Re Simmons. Case No. 12,864; Roche v. Fox, Id. 11,974; In re Donnelly, 5 Fed. 787.]

2. It seems that a single act of stopping payment followed by a non-resumption for fourteen days is prima facie an act of bankruptcy within the meaning of the bankruptcy act [of 1867 (14 Stat. 517)].

[Cited in Re Hadley, Case No. 5,894.]

3. Motion to dismiss denied and case ordered to stand for trial.

[In the matter of Moses A. McNaughton, a bankrupt.] This is a motion to vacate the order to show cause on creditor's petition for adjudication, and to dismiss the petition on the ground that it "is not signed and verified as required by the rules and practice of this court."

Mr. Gibson (Digby & Gibson), for the motion.

Alfred Russell, opposed.

LONGYEAR, District Judge. The petitioning creditor in this case is "The Merchants' and Manufacturers' Bank of Detroit," a corporation organized and in existence under the laws of the state of Michigan. The petition is signed and verified by the cashier of the bank. The grounds of the motion to dismiss are: 1. That the cashier has no authority by virtue of his office or employment as such, to sign and verify a petition for adjudication of bankruptcy on behalf of the corporation bank; and, 2. That no special authority to the cashier to so sign and verify is anywhere averred or shown. I do not think any officer of a corporation has authority, by virtue of his office, to sign and verify a petition for adjudication of bankruptcy against a debtor of the corporation, unless specially authorized by some statute, by law or resolution of its board of directors. Such authority, being special, must in all cases be made to appear by the oath of the person signing and verifying the petition, or other competent evidence. This was done in this case, and if the respondent had stood upon his motion to dismiss, I should have come to the conclusion that the motion should be granted, so far, at least, as to vacate the

1 [Reprinted by permission.]

order to show cause. I come to these conclusions by analogy to the provisions of the act and the forms and proceedings prescribed for proof of debts by corporations—section 22 and form 23. The motion to dismiss is in writing, and was filed on the return day of the order to show cause. Before the motion was heard, or any action whatever had upon it, and, in fact, on the same day, the respondent put in a denial of the act of bankruptcy alleged in the petition, and demanded a trial of that issue by a jury; and the usual order for such trial was then made and is now still pending.

The objections to the proceedings are not jurisdictional. They go to the sufficiency of the authentication of the petition only, and I have no hesitation in holding that the objections were waived by taking issue upon the petition and demand for trial. The court obtains jurisdiction of the proceedings by the filing of the petition for adjudication, and of the person of the respondent, in involuntary cases, by the issuing and service of the order to show cause. This is the usual mode by which jurisdiction of the person is obtained, and the only mode by which it can be enforced; but it is not the only means by which it may be conferred. A debtor against whom a petition for adjudication of bankruptcy is filed, may, no doubt, submit himself to the jurisdiction of the court without an order to show cause; and it is equally clear that he does so when he appears and confesses, or puts in a denial of the alleged acts of bankruptcy and demands a trial. By so doing he waives not only the necessity of an order to show cause, but the necessity of proof of the authority of the person signing the petition, and, in fact, of any verification whatever. Proof of the authority of a person signing a creditor's petition in a representative capacity, and a verification of the petition, like the accompanying proof of the petitioning creditor's debt, and deposition as to the alleged act or acts of bankruptcy, are requisite only to authorize the making of an order to show cause. When that is done their office is accomplished; and they never can be, and never are, of any further or other use in the case. It certainly does not need argument to show that the fact that an invalid order to show cause was made and served does not do away with or lessen the effect of the respondent's taking issue upon the petition, as a waiver.

On the argument an objection to the petition was raised, which does not appear, by the motion to dismiss, on file. It was this: That the only act of bankruptcy charged is a stoppage and fourteen days suspension of payment upon a single piece of commercial paper, whereas it is contended that nothing short of a general stoppage and suspension for fourteen days is within the meaning of the act. In the first place, the question cannot be raised in that manner. It must be done by way of exception or demurrer to the petition. But even if properly raised, the objection is not well taken. I am clearly of opinion that a single act of stopping payment, followed by a non-resumption for fourteen days, is prima facie an act of bankruptcy within the meaning of the bankrupt act. The prima facie effect of a single act, may, of course, be avoided more easily than in a case of general suspension, but it must be done by proper allegations by way of answer and proofs at the trial.

It results that the motion to dismiss must be denied, and the matter must stand for trial as heretofore ordered.