## Case No. 12,864.

### In re SIMMONS.

[10 N. B. R. 253; [1] 1 Cent. Law J. 440.]

District Court, E. D. Michigan. Aug. 3, 1874.

BANKRUPTCY—THE PETITION—DEFECTIVE VERIFICATION—VERIFICATION BY EACH PETITIONER—AMENDMENT—JURISDICTION.

1. Several creditors filed a petition against their debtor to have him adjudged a bankrupt, on the 11th day of July, 1874, which petition the debtor alleged was defective as to the verification; a motion was then made to amend by annexing to the petition a new verification, in case the verification shall be held insufficient. Held, that when the petitioners, constituting one-fourth in number and one-third in value of the creditors, are less than five, it is not necessary for the person verifying the petition, as agent, to state the residence of his principals as a foundation of his right to act in the premises.

[Cited in Re California Pac. R. Co., Case No. 2,315.]

2. Where several petitioners join in the petition in separate and distinct rights, each stands as a separate and distinct party to the litigation so far as the right in which he prosecutes is concerned, and a verification by or on behalf of each petitioner is required.

---

[1] [Reprinted from 10 N. B. R. 253, by permission.]

3. The court has jurisdiction when a petition is filed, notwithstanding the insufficiency of the verification, and therefore power to allow an amendment of it.

[Cited in Re Rosenfields, Case No. 12,061; Re Hanibel, Id. 6,023; Re Mann, Id. 9,033; Re Donnelly, 5 Fed. 787.]

On the motion of respondent [Solomon Simmons] to vacate the order to show cause and dismiss the petition for want of a sufficient verification to the petition, and the cross motion of the petitioning creditors to amend by supplying a sufficient verification. By the 12th section of the amendatory act of June 22, 1874 [18 Stat. 180], section 39 of the original act [14 Stat. 536] was, among other things, amended so as to provide that any person residing and owing debts, and committing any one of certain acts, as therein specified, shall be deemed to have committed an act of bankruptcy, and, subject to conditions therein mentioned, "shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable: * * * And the petition of creditors under this section may be sufficiently verified by the first five signers thereof, if so many there be. And if any of said first five signers shall not reside in the district in which such petition is to be filed, the same may be signed and verified by the oath or oaths of the attorney or attorneys, agent or agents, of such signers."

The petition in this case was filed July 11, 1874, by four creditors, who are described in the introduction of the petition as follows: "The petition of Simon Heavenrich and Samuel Heavenrich, doing business under the firm name of Heavenrich Brothers, of Detroit, Michigan, in said district; of L. Morris; of Dessar, Stern & Co., a partnership composed of A. Dessar, D. Stern, J. B. Dessar, and D. Dessar; of Meyer & Schwab, a partnership composed of Julius R. Meyer, and Jacob Schwab, all of the city, county, and state of New York." The petition is signed as follows: "Heavenrich Brothers, per Samuel Heavenrich. L. Morris, per Samuel Heavenrich, Agent. Dessar, Stern & Co., per Samuel Heavenrich, Agent. Meyer & Schwab, per Samuel Heavenrich, Agent."

The verification of the petition is as follows: "Eastern District of Michigan, ss.: I, Samuel Heavenrich, being duly sworn, says that he is one of the firm of Heavenrich Brothers, of Detroit, Michigan, and make this affidavit on their behalf—that he is also agent for L. Morris, Dessar, Stern & Co., and Meyer & Schwab, and has full power and authority from them to make this petition, do hereby make solemn oath that the statements contained in the foregoing petition by me subscribed are true of my own knowledge, so far as the same are stated upon my own knowledge, and that those matters which are stated therein on information and belief, are true

according to the best of my knowledge, information, and belief. Samuel Heavenrich.

"Subscribed and sworn to before me, this 11th day of July, A. D. 1874. Jno. Graves, U. S. Commissioner, East. Dist., Michigan."

The grounds of the motion to vacate and dismiss are: First, that the affidavit does not show any authority in Samuel Heavenrich to sign and verify the petition for the last three petitioners named, because it does not state that they do not reside in this district; and, second, that it is not in fact made on behalf of the said petitioners. On behalf of the petitioning creditors it was contended as to the first ground of motion, that even if the provision quoted applies to this case, the statement of the residence of petitioners in the introduction of the petition is sufficient to confer the authority to sign and verify the petition by agent or attorney: but it was at the same time contended that the provision in question applies only where there are five or more petitioners, and that, in a case like the present, where the number is less than five, the law as to verification remains as it was before the amendment, and that by that law a verification by one of several petitioning creditors was sufficient. And as to the second ground of motion, it was contended that it is sufficient to state that the person making the oath is agent and has authority to make the petition; and that, in this instance, the person making the oath, being himself one of the petitioners, his statement that the contents of the petition are true of his own knowledge, so far as stated upon his own knowledge, was sufficient, because what was stated upon the knowledge of all the petitioners was necessarily upon the knowledge of each one of them. While opposing the motion, however, a motion was interposed on behalf of the petitioning creditors, to amend by annexing to the petition a new verification in case the verification shall be held insufficient.

Don. M. Dickinson, for petitioning creditors.

H. M. Duffield, for respondents.

LONGYEAR, District Judge. By the amendatory act of June 22, 1874 (section 12), non-residence within the district in which the petition is to be filed is made the sole ground of the right or privilege to have the petition signed and verified by agent or attorney; and I am of opinion that in all cases coming within the provisions of the amendment, such non-residence should be stated and sworn to in the affidavit by which the petition is verified, especially where, as in this case, the residence of the petitioners is stated in the petition by way of description merely, and not by way of positive averment. But it is unnecessary to elaborate this point, because I am of opinion that this case does not come within the provisions of the amendment so far as the matter of the verification of the petition is concerned. The language of the provision under consideration is, "And if any of the said first five signers shall not reside in the district," etc. The words "said first five signers" relate back to the next preceding sentence, viz.: "And the petition of creditors under this section may be sufficiently verified by the oaths of the first five signers thereof, if so many there be." If there be not so many as five, then, certainly, the provision can have no application, because it was not made, neither was it needed for any such case; in all such cases the law was left as it was before the amendment. In the present case the petitioners are less than five in number, and therefore it was not necessary for the person verifying the petition as agent to state the residence of his principals as a foundation of his right to act in the premises. The sufficiency of the verification, then, must be tested by the law without reference to the provision in question.

The position of petitioners' counsel is that the verification is certainly sufficient as to one of the petitioners, viz: Heavenrich Brothers: and that a verification by one of the several petitioners is sufficient (the whole number being less than five), and that it has always been so treated and held in practice. Such was my first impression, but upon reflection, and a somewhat critical search for decisions of the courts upon the question, I am satisfied that the position cannot be maintained where, as in the present case, the petitioners join in separate and distinct rights, and not in one and the same right as partners or otherwise. Where several petitioners join in the petition in the same right, the practice is, I believe, well settled, to treat a verification by one as sufficient, and no good reason is apparent why it should not be so. But the case of petitioners joining in separate and distinct rights is very different. Then each stands as a separate and distinct party to the litigation, so far as the right in which he prosecutes is concerned. The debt, or right to prosecute of each may be contested separately from all the others. They are allowed to join in order to make up the requisite number and amount, but when so joined the matter stands precisely the same as if each had filed a separate petition on his own separate debt, based upon the same act or acts of bankruptcy, and then consolidated into one suit; and a verification by or on behalf of each petitioner is just as necessary in the one case as in the other.

The only remaining question upon this branch of the matter, therefore, is, was the verification sufficient as to each one of the petitioning creditors? As to Heavenrich Brothers, it was no doubt sufficient, and it was so conceded. As to the others, however, I think it was insufficient. True, Samuel Heavenrich, who signed the petition on

behalf of the others as their agent, swears to his agency and to his authority "to make" the petition. This no doubt sufficiently establishes his authority to sign and verify the petition on their behalf. But the difficulty is, he utterly failed to so verify. His affidavit is not in terms, nor by any implication whatever, on behalf of any of the petitioners other than Heavenrich Brothers. On the contrary, it is in terms, and by necessary implication, limited to them and them alone. In the first place, he swore that he was a member of the firm of Heavenrich Brothers, one of the petitioners, and that he made the affidavit on their behalf; and then, when he came to the substance of the verification, he swore "that the statements contained in the foregoing petition by me subscribed are true of my own knowledge so far as same are stated upon my own knowledge;" thus clearly limiting his verification to himself and his firm, and excluding any application of it to the other petitioners. There was, therefore, no verification whatever as to the three petitioners, Morris, Dessar, Stern & Co., and Meyer & Schwab; without which the order to show cause was not authorized. It results that the motion of respondent must be granted, so far at least as to vacate the order to show cause.

The only question remaining is that arising upon the motion on behalf of the petitioning creditors for leave to amend by supplying a sufficient verification. The solution of this question depends upon whether jurisdiction of the suit or matter depended upon there being a sufficient verification in the first instance. In Re McNaughton [Case No. 8,912], this court held that jurisdiction was obtained by the filing of the petition, and that the verification of the petition and depositions of debt and of act of bankruptcy were necessary only to obtain jurisdiction of the person of the alleged bankrupt by the process of the court, to wit: the order to show cause. See, also, In re Raynor [Case No. 11,597]. On a review of the grounds of judgment in Re McNaughton, I still adhere to the opinion there expressed. It is true that decision was made before the recent amendments, but the amendments have not changed the law so far as it bears upon the question now under consideration. The language of the act, both before and after the amendments (section 39), prescribing the means of acquiring jurisdiction so far as relates to the petition, is, "Shall be adjudged a bankrupt on the petition of one or more of his creditors." Nowhere in the act, nor by any rule or order is any verification of the petition expressly required. Why then is a verification necessary at all? By some this question is answered by saying, because the supreme court have so indicated by the forms prescribed by them. But, in my opinion, that would be ascribing to the supreme court the exercise of an unwarranted power in the absence of anything in the act itself making a verification necessary. In my opinion the answer to the question is found in the provision of section 40, prescribing upon what showing an order to show cause may be made. That provision is as follows: "That upon the filing of the petition authorized by the next preceding section, if it shall appear that sufficient grounds exist therefor, the court shall direct the entry of an order requiring the debtor to appear and show cause," etc. That "sufficient grounds exist" can be made "to appear" only by some sort of legal evidence; and by the prescribed forms the supreme court have, in effect, said what that evidence shall be, viz.: First, a verification of the entire petition, and second, depositions as to the alleged debt and act or acts of bankruptcy. The verification is no part of the petition. It is necessary that it should accompany the petition only in order to predicate upon it certain prescribed action in furtherance of the jurisdiction acquired by the filing of the petition, viz: the order to show cause. The filing of the petition is mentioned in section 40 as authorized by the next preceding section as an accomplished fact; and then, for the first time, creates a necessity for a verification; and the commencement of proceedings is made to date from such filing. Section 38.

Therefore, having jurisdiction of the matter, notwithstanding the insufficiency of the verification, the court has power to allow the amendment asked. As no good reason appears why it should not be allowed, and as it does appear that a denial of the motion to award and a dismissal of the petition would be a denial of the right of creditors to proceed at all by a new petition, for the reason that the six months' limitation, within which a petition can be filed for the act of bankruptcy alleged, has expired since the filing of this petition, I think the amendment ought to be allowed, and the same is allowed accordingly. But it must be upon terms of payment by the petitioning creditors of all costs upon the order to show cause hereby vacated, and the costs of these motions, to be taxed, including a solicitor's fee of ten dollars. Ordered accordingly.