## In re HERZIKOPF.

(District Court, S. D. California. S. D. July 21, 1902.)

### No. 1,587.

1. BANKRUPTCY—INVOLUNTARY PETITION—VERIFICATION.

Bankr. Act 1898 does not require a petition in involuntary bankruptcy to be verified by the creditor personally, but such verification may be made by his attorney, who has knowledge of the facts; and no other evidence of the attorney's authority need appear than the fact that he has been admitted to practice in the circuit or district court, as required by general order No. 4.

2. SAME—PROCEDURE—OBJECTION TO VERIFICATION OF PETITION.

Where the verification to a petition in involuntary bankruptcy by an attorney at law or agent is good upon its face, the objection that it was in fact without authority must be made before answering to the merits; otherwise it is waived.

3. SAME—PETITIONING CREDITOR—QUALIFICATION.

A creditor may be a petitioner in bankruptcy, notwithstanding the receipt of a preference which he has not surrendered.

In Bankruptcy. On review of report of referee.

Dunning & Craig, for petitioners.
Lawler & Allen, for certain creditors.

WELLBORN, District Judge. 1. The verification to the creditors' petition is, on its face, sufficient. In re Chequasset Lumber Co., 7 Am. Bankr. R. 87, 112 Fed. 56. See, also, In re Simonson, 1 Am. Bankr. R. 197, 92 Fed. 904, and Bank v. Craig, 6 Am. Bankr. R. 381, 110 Fed. 137. The bankrupt act does not require a petition in involuntary bankruptcy to be verified by the creditor personally, although, where the creditor is present, and the facts are within his knowledge, he doubtless ought to make the verification. Section 1 of said act, however, contains this definition:

"Creditor shall include any one who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney or proxy."

General order No. 4, which is in line with said definition, is as follows:

"(4) Conduct of Proceedings. Proceedings in bankruptcy may be conducted by the bankrupt in person in his own behalf, or by a petitioning or opposing creditor; but a creditor will only be allowed to manage before the court his individual interest. Every party may appear and conduct the proceedings by attorney, who shall be an attorney or counsellor authorized to practice in the circuit or district court. The name of the attorney or counsellor, with his place of business shall be entered upon the docket, with the date of the entry. All papers or proceedings offered by an attorney to be filed shall be indorsed as above required, and orders granted on motion shall contain the name of the party or attorney making the motion. Notices and orders which are not, by the act or by these general orders, required to be served on the party personally may be served upon his attorney."

This order seems to give to the attorney of a bankrupt or creditor power to do any act in the bankruptcy matter which the bankrupt or

¶ 3. See Bankruptcy, vol. 6, Cent. Dig. §§ 99, 100, 103.

creditor might do personally, and requires no other evidence of his authority than the fact of his admission to practice in the circuit or district court. The title or headlines to form No. 20 in bankruptcy is as follows: "General letter of attorney in fact when creditor is not represented by attorney at law." No form of authorization whatever is prescribed for an attorney at law, and this presumably for the reason that the fact of his being a practitioner of the court is all the evidence of his authority which the law requires.

Loveland, in his work on Bankruptcy, at page 152, says:

"The petition should be signed by the petitioning creditor or creditors, or their attorney or agent. It must be verified as to matters of fact by an affidavit under oath. Neither the statute nor the general orders require the petition to be signed or verified by the petitioners personally. It therefore seems that an attorney or an agent who has knowledge of the facts may make the oath. The rule was otherwise under the act of 1867."

That part of the bankrupt act of 1867, as amended in 1874, referred to by Loveland, is as follows:

"And the petition of creditors under this section may be sufficiently verified by the oaths of the first five signers thereof, if so many there be. And if any of said first five signers shall not reside in the district in which such petition is to be filed, the same may be signed and verified by the oath or oaths of the attorney or attorneys, agent or agents, of such signers." 18 Stat. 181, 182.

Read in the light of this clause, the case of In re Sargent, 21 Fed. Cas. 495 (No. 12,361), cited by the referee herein, in so far as it holds that where a verification is made by an attorney at law, his authority must be shown, means only that it should be made to appear by the affidavit, or otherwise, that the petitioning creditor is a nonresident of the district; and this fact, by the way, does appear from the affidavit in the case at bar. Moreover, said affidavit being positive in its terms, and not upon information and belief, it must be assumed that the facts were within the knowledge of the affiant, and this fulfills the requirement mentioned by Loveland in the quotation above given. Of In re Blankfein, 3 Am. Bankr. R. 165, 97 Fed. 191, it is only necessary to say that all that the case holds (while the language of the opinion may be broader) is that the clerk of an attorney at law cannot, without special authority, vote for a trustee at a creditors' meeting. Moreover, the decision was expressly rested, in part, upon local conditions existing in the district wherein the matter was pending.

2. Where the verification to a petition by an attorney at law or agent is good upon its face, but in fact was without authority, objection on that ground should be made before, and is waived by answering to the merits. In re Simonson, 1 Am. Bankr. R. 197, 92 Fed. 904; In re McNaughton, 16 Fed. Cas. 323 (No. 8,912); In re Simmons, 22 Fed. Cas. 152 (No. 12,864); and Bank v. Craig, 6 Am. Bankr. R. 381, 110 Fed. 137.

3. A creditor may be a petitioner in bankruptcy, notwithstanding the receipt of a preference which is unsurrendered. In re Norcross, 1 Am. Bankr. R. 644; In re Cain, 2 Am. Bankr. R. 378; In re Bloss, Fed. Cas. No. 1,562; In re California Pac. Ry. Co., Fed. Cas. No. 2,315; In re Stansell, Fed. Cas. No. 13,293; Rankin v. Railway Co.,

Fed. Cas. No. 11,567. The finding of the referee, therefore, that J. J. Underhill and son were not qualified petitioners, is disapproved.

The conclusion and recommendation of the referee, that said Jacob Herzikopf be adjudged a bankrupt, are approved, and an order of adjudication will be accordingly entered.