# IN RE SUCESORES DE JOSE HERNAIS.

BANKRUPTCY—INVOLUNTARY BANKRUPTS—SUFFICIENCY OF PETITION—VER-
IFICATION OF IT BY ATTORNEY.

1. Under the bankrupt law any natural person, except a wage earner or one
engaged chiefly in farming, owing $1,000 or over, may be adjudged an
involuntary bankrupt; also any unincorporated company, and any cor-
poration mainly engaged in manufacturing, trading, printing, publish-
ing, or mercantile pursuits.

2. Quære,—Should the petition aver the business of the defendants, or show
they are not of the excepted classes? In this case the petition in sub-
stance avers the defendants are merchants.

3. Pleadings in bankruptcy, stating facts, must be verified. If the party be
a nonresident, and the facts within the knowledge of his attorney, the
latter may verify them. He should, however, state that he knows the
facts, and his means of knowledge.

November 5, 1903.

*Messrs. Dexter & Hord* for petitioners.

*Mr. Pettingill* for defendants.

HOLT, Judge, delivered the following opinion:

The petition of certain nonresident creditors of the firm of
Sucesores de José Hernais seeks to have them as a firm, and
individually, declared involuntary bankrupts. They appear
specially, and ask a dismissal because:

Re Sucesores de José Hernais.

First. The petition fails to show they are within the classes of persons who can be declared such under the bankrupt law.

Second. It is verified by the attorney of the petitioners without an exhibition of any power of attorney, and the affidavit fails to show necessary knowledge to do so.

Section 4 of the bankrupt law provides that any natural person, except a wage earner or a person engaged chiefly in farming, owing $1,000 or over, may be adjudged an involuntary bankrupt; also any unincorporated company, and any corporation mainly engaged in manufacturing, trading, printing, publishing, or mercantile pursuits. Form 3 for a creditor's petition in bankruptcy, prescribed by the Supreme Court, does not aver the bankrupt's business, or that he is not included within the excepted classes. 4 Desty, Fed. Proc. p. 365.

But conceding, as some courts have held, that the petition must aver the defendants are not wage earners or farmers, or must aver their business, it is sufficiently shown in the petition in this instance. It avers they are a mercantile firm; that their principal place of business is in the city of San Juan; the indebtedness set up is said to be for merchandise sold them; and the act of bankruptcy set forth is a conveyance by the firm of their merchandise in three stores in the city of San Juan. This clearly negatives their being wage earners or farmers, and in substance avers they are merchants.

The petition as to three of the petitioners is verified by their attorney. The affidavit states that he does business and resides within the district; that he is authorized by them to file the petition in bankruptcy, and do all acts necessary thereto; that he is an attorney of this court, and his clients are nonresidents, and have no agent in Porto Rico. That the alleged act of bankruptcy is known to him by having seen a certified copy of the transfer of property; and his clients have no knowledge of the

Re Sucesores de José Hernais.

facts stated in the petition, which he says is true. He further states that the other affidavit to the petition was made by the general agent of the fourth creditor, who unites in the petition, said creditor being also a nonresident; and that said agent also has knowledge in the same way of the alleged ground of bankruptcy.

Section 18 of the bankrupt law requires all pleadings setting up matters of fact to be verified. It does not, however, require the party to verify in person. As a rule, however, he should do so. If he does not, the reason should be stated. If, for instance, he be a nonresident, and the facts are not within his knowledge, but are known to his attorney, then, if the latter be authorized to act as such, he should verify the petition. Verification is not necessary to the jurisdiction. It is a matter of form, but substantial and necessary. The Supreme Court has prescribed rules and forms in bankruptcy, and among them the form of an affidavit to a petition; in an involuntary case it is by the creditor. They should, however, be given a practical construction, and one that will promote the object of the law. Technical exactness to them would sometimes defeat it. Substance should not be sacrificed to form. If it were imperatively required in all cases that the petitioner should verify the petition, it would require him when a nonresident to come to the district perhaps, to obtain information in order to make the verification. Perhaps the matter would not admit of such delay. It would often be a needless hardship, and sometimes render the law inoperative.

General order No. 4 in bankruptcy, prescribed by the Supreme Court, which is entitled "Conduct of Proceedings," provides that one may conduct bankruptcy proceedings by an attorney, he to be an attorney of the United States courts.

Brandenburg on Bankruptcy, p. 297, in speaking of invol-

### Re Sucesores de José Hernais.

untary cases, says: "The petition and other pleadings may be signed and verified by the attorney in proper cases." And another text writer upon the subject says: Neither the statute nor the general orders require the petition to be signed or verified by the petitioner personally. It therefore seems that an attorney or an agent who has knowledge of the facts may make the oath. Loveland, Bankr. p. 152.

An attorney is a sworn officer of the court. It is necessarily the practice in all courts to treat him, when appearing for a litigant, as duly authorized to do so. It is true the authority to appear must exist, but it is assumed by the court unless specially called in question by a proper proceeding. If he makes affidavit in positive terms that he is authorized to verify the petition, this is sufficient, provided he has been admitted to practice in the United States courts. He prima facie has authority to do the act; and if he states in addition his means of knowledge of the facts, it is sufficient. This view is supported by the latest authorities I have been able to find upon this question. Re Chesquasset Lumber Co. 112 Fed. 56; Re Herzikopf, 118 Fed. 101.

A motion for a proper verification is more proper than one to dismiss for want of it; but if required and not done, the court would then dismiss the case. Therefore this motion arrives at the question.

The motion to dismiss the petition is overruled.