### In re KINDT.

(District Court, S. D. Iowa, E. D. January 18, 1900.)

BANKRUPTCY—VERIFICATION OF PETITION BEFORE BANKRUPT'S ATTORNEY.

An adjudication in voluntary bankruptcy will not be set aside on the ground that the notary public who took the verification of the petition and schedule was the bankrupt's own attorney, when it is not shown that he was attorney of record for the bankrupt in any litigation then pending in the court, although he subsequently appeared as attorney of record for the bankrupt in the bankruptcy proceedings.

In Bankruptcy. On review of ruling of referee in bankruptcy.

Ely & Bush, for bankrupt.

Isaac Petersberger and Charles H. Hubbell, for contesting creditors.

SHIRAS, District Judge. From the certificate of the referee it appears that the petition for adjudication and the accompanying schedules were sworn to by the bankrupt before N. D. Ely, a notary public in and for Scott county, Iowa; and, the adjudication in bankruptcy having been entered, one W. W. Humphrey, a creditor of the bankrupt, appeared in the proceedings and moved to set aside the adjudication on the ground that the notary before whom the affidavits to the petition and schedules were taken was a member of the law firm of Ely & Bush, which firm appeared as the attorneys of record for the bankrupt. The referee refused to set aside the adjudication of bankruptcy entered in the case, holding the objection urged to be not well taken, and thereupon the objecting creditor has brought the question before this court for review.

In the strict equity practice the general rule seems to be that affidavits taken before an attorney of record will be deemed to be defective, but this rule, in the majority of the cases, is held to apply only to attorneys of record; that is, to persons who at the time the affidavit was taken before them then appeared as attorney of record for the litigant in whose interest the affidavit is offered. In the present case it does not appear that when the affidavit to the petition and schedules was taken there were pending in the court any proceedings in which Ely & Bush appeared as attorneys of record for the bankrupt, and as is stated in 1 Enc. Pl. & Prac. 331, note:

"The rule, however, applies only to affidavits made before an attorney in a suit pending, and not to those preparatory to the commencement of one. Vary v. Godfrey, 6 Cow. 587; Willard v. Judd, 15 Johns. 531; Hallenback v. Whitaker, 17 Johns. 2. * * *"

As I gather the facts from the record certified up, the affidavit to which exception is taken was one which was made to the papers preparatory to the initiation of the proceedings in bankruptcy, and at that time N. D. Ely, the notary, was not an attorney of record for the bankrupt, and he could therefore rightfully administer the oath and certify thereto; and the fact that subsequently he became an attorney of record for the bankrupt would not invalidate his previous action as a notary. The ruling of the referee is affirmed.