In re CHEQUASSET LUMBER CO.

(District Court, S. D. New York. December 3, 1901.)

1. BANKRUPTCY—VERIFICATION OF PETITION.
    The verification of a petition in involuntary bankruptcy is a formal matter, and not jurisdictional.

2. SAME—VERIFICATION BY AGENT.
    Where the petitioning creditors in a petition in involuntary bankruptcy are all corporations, a verification of the petition by their attorneys, shown to be duly authorized thereto, and to be the persons most fully acquainted with the facts, is sufficient.

In Bankruptcy. On motion challenging sufficiency of verification of involuntary petition.

William H. Janes, for bankrupt.
Henry Melville, for creditors.

ADAMS, District Judge. This is a motion to set aside the subpœna, petition, and all proceedings upon the ground that the petition is not signed by the petitioners named in the petition, and is not signed or verified in the manner prescribed by law. The proceeding was instituted by three creditors, viz. the First National Bank of Cincinnati, Ohio, the Second National Bank of Cincinnati, Ohio, and the Fifth National Bank of Cincinnati, Ohio, all corporations organized and existing under the laws of the United States. The petition sets forth the necessary facts required in an involuntary petition and is signed as follows:

> "The First National Bank of Cincinnati, Ohio.
> "The Second National Bank of Cincinnati, Ohio.
> "The Fifth National Bank of Cincinnati, Ohio.
> > "By Henry Melville, Petitioners' Attorney."

The verifications are as follows:

"United States of America, Southern District of New York, City, County, and State of New York—ss.: On this 14th day of November, 1901, before me personally appeared Charles M. Leslie and John Ledyard Lincoln, who severally made solemn oath: That they are attorneys and counselors at law of the supreme court of the state of Ohio and of the district, circuit, and circuit court of appeals of the Southern district of Ohio, and that said John Ledyard Lincoln is a counselor at law admitted to practice in the supreme court of the United States, and that they are the attorneys and agents of the said petitioners in all matters recited in and relating to the said petition. That they have read the foregoing petition, and know the contents thereof, and that the facts stated therein are true. That their sources of information and the grounds of their belief are, among other things, examination of the original notes recited in the said petition; examination of the books of the said the Chequasset Lumber Company, now in the possession of the said receiver, Eugene F. Perry, at 66 Broadway, in the city, county, and state of New York; statements made to them by the officers of the said petitioning banks and by the said receiver. That the reason this affidavit is made by the said Leslie and Lincoln is that each of the said petitioners is a corporation organized under the laws of the United States, having its only office and place of business in Cincinnati, Ohio, more than 100 miles from the city of New York, and having no officer within this judicial district; and that they have full authority from the said petitioning banks, and have been authorized by them to make this affidavit.      Charles M. Leslie.
                                   "John Ledyard Lincoln.

"Sworn to before me this 14th day of November, 1901.
                "John A. Valentine, Notary Public, Kings Co. [Seal.]

"Certificate filed in N. Y. county."

"United States of America, Southern District of New York, City, County, and State of New York—ss.: On this 14th day of November, 1901, before me personally appeared Henry Melville, who made solemn oath that he is an attorney at law duly admitted to practice in the district court of the United States for the Southern district of New York, and the attorney of record of the foregoing petitioning creditors; that he has read the foregoing petition in bankruptcy, and knows the contents thereof, and that the facts stated therein are true; that the sources of his information as to the truth of said facts are the statements made to him by Charles M. Leslie and John Ledyard Lincoln, attorneys and counselors at law, residing in the city of Cincinnati and state of Ohio, attorneys and general counsel for the said petitioners; that the said statements have been made under oath, as appears by the fore-

going affidavits and otherwise; that the reason this verification is not made by the petitioners is that each of the petitioners is a corporation organized under the laws of the United States, having its principal and only place of business in Cincinnati, Ohio, more than one hundred miles from the city of New York, and having no officer within this judicial district; and that the deponent has been duly authorized to make this verification.

"Henry Melville.

"Sworn to before me this 14th day of November, 1901.

"John A. Valentine, Notary Public, Kings Co. [Seal.]

"Certificate filed in N. Y. county."

In support of the verifications and in opposition to the motion affidavits have been filed on behalf of the petitioners, duly made by their respective presidents or vice presidents and cashiers, to the effect that the said Lincoln and Leslie were employed by the petitioners to investigate into the affairs and condition of the lumber company, and to take the necessary steps to have it declared a bankrupt if they found sufficient facts in their judgment to resort to such proceeding, and to employ local counsel to act as attorney of record, sign and verify the petition, and do all acts which might be necessary and proper to have the lumber company declared a bankrupt. The alleged bankrupt relies upon the case of In re Simonson, 1 Am. Bankr. R. 197, 92 Fed. 904, in support of the motion. This authority holds, however, that a defective verification is not jurisdictional, and could not, in any event, do more than check the progress of litigation until the verification should be properly made. But I do not think the motion should prevail even to that extent. It fully appears that the persons who made the verifications were the ones most fully acquainted with the facts, and apparently the only agents of the corporations who had the necessary knowledge to enable them to verify the petition. The verifications are deemed sufficient. Carriage Co. v. Stengel, 37 C. C. A. 210, 95 Fed. 637, 641; Bank v. Craig, 6 Am. Bankr. R. 381, 382, 110 Fed. 137.

Motion denied.