Re Sobrinos de Armas.

# IN RE SOBRINOS DE ARMAS.

### INVOLUNTARY BANKRUPTCY.

1. Generally an affidavit in a cause should not be made by the attorney. In strict equity practice such an affidavit would be invalid if made in a suit then pending, and not merely preparatory to the commencement of it.
2. A petition in bankruptcy should be verified by the petitioner, or, if verified by another, the reasons therefor should be given. The forms and rules in bankruptcy prescribed by the Supreme Court must be given a practical construction to promote justice.
3. A duly authorized agent may, where all the petitioners reside and are out of the district, be allowed to make the affidavit to an involuntary petition, but his authority, and means of knowledge should appear in such affidavit.
4. There is no presumption of fact that one claiming to be a special agent has been regularly appointed. When a petition in bankruptcy is verified by an agent he should, if required, show his authority to so act.

November 24, 1902.

*Messrs. Horton & Cornwell* for creditors.

*Mr. José Hermandez* for defendants.

HOLT, Judge, delivered the following opinion:

This is a proceeding in involuntary bankruptcy by nonresident creditors of the defendants. This motion was made by the latter within the time allowed them to answer, to set aside the

Re Sobrinos de Armas.

subpœna and all proceedings herein, and to dismiss the petition. It is based upon these grounds, to wit: (1) That it was verified before a notary public who is one of the attorneys for the petitioning creditors; (2) that the petition is not verified by the creditors or any of them in person; (3) that it was verified by the agents of the creditors without authority appearing to do so.

The body of the petition shows that the petitioners are nonresidents. The affidavit is made by their agents, and merely states that the averments of the petition are true. The attorneys for the petitioners, as subscribed, are Horton & Cornwell, and neither of them verify the petition. The affidavit to it by the agents was made before one of the attorneys, to wit, F. L. Cornwell, as a notary public. It is urged that the affidavit does not show it was made within the district of the notary; also that it was made before one of the attorneys for petitioners, and therefore is invalid. The statement of venue in the verification shows it was made in Porto Rico, and before a notary public of Porto Rico. His district was coextensive with Porto Rico.

Generally an affidavit in a cause should not be made by the attorney. Whether this invalidates it is a disputed question. Certainly, however, to have this effect, he must be the attorney of record in the suit at the time. If so, in strict equity practice it invalidates the affidavit, but the proceeding must then be pending, and the affidavit not be merely preparatory to the commencement of the suit. Re Kindt, 3 Am. Bk. Rep. 443, 98 Fed. 403.

When this affidavit was made this proceeding had not been instituted.

The bankruptcy act requires all pleadings setting up facts to be verified; and a petition should be verified by the petitioner, or the reason for its being verified by another set forth. The Supreme Court of the United States has prescribed a form of affidavit to a petition in bankruptcy. These forms and rules,

PORTO RICO—17.

however, must be given a practical construction and one that will promote justice. Technical exactness in a formal matter might defeat it. If it were imperatively required that the petitioner should in all cases verify the petition, it would often require him, although a nonresident, to come to the district to obtain information in order to make the verification. Often there would be no time to do this. This would often be a needless hardship, and would often render the law inoperative. A duly authorized agent may, therefore, under some circumstances, for instance where all the petitioners reside and are out of the district, be allowed to make the affidavit, but his authority to do so should appear. Re Simonson, 1 Am. Bk. Rep. 197, 92 Fed. 904.

The requirement of a proper verification is for the defendant's benefit, and he has the right to demand it. It is a shield to him. A defective verification is, however, not jurisdictional. It may be waived; if an answer is filed to the merits, it is a waiver of all formal defects in the petition that do not go to the jurisdiction of the court.

No affidavits having been filed for or against this motion it must be determined upon the face of the papers. It is averred in the body of the petition that the petitioners are nonresidents. It is true it is not stated that at the time it was verified the individual petitioners were absent from Porto Rico, and that the one petitioner that is a corporation had then no officer in the district; but waiving this matter, no authority is shown by those who verify the petition as agents to do so, or what source of knowledge they had, if any, of the facts, and how, if at all, they were acquainted with them, or had the necessary knowledge to make the affidavit.

In the case of Re Chequasset Lumber Co. 7 Am. Bankr. Rep. p. 87, 112 Fed. 56, affidavits were filed upon hearing the motion

to quash the subpœna, showing that the agent had the necessary authority, and how he had knowledge of the matters set forth in the petition.

Substance should not be sacrificed to form, but the bankrupt act is quite summary in its working, and the defendant is entitled to insist upon a compliance with the provisions of the law, which otherwise may work a serious injury to him. There is no presumption of fact that one claiming to be a special agent has been regularly appointed; and in my opinion it is not only fair but just to the defendant, and that it was the intention of the lawmaker that when a petition in bankruptcy is sworn to by an agent he should, if required, show his authority to so act, and it would be quite proper for him to briefly state the means of knowledge enabling him to verify the petition.

It not being properly verified, there was no warrant for the issual of the subpœna. It, and the service thereof, is therefore, quashed, but the petitioners will be allowed a reasonable time within which to make the proper verification if desired.