## In re VASTBINDER.

(District Court, M. D. Pennsylvania. December 28. 1903.)

### No. 366.

1. BANKRUPTCY—INVOLUNTARY PETITION—OATH BY ATTORNEY.

An attorney in fact for the petitioning creditors is entitled to make the necessary oath to the petition for an involuntary adjudication of bankruptcy against a debtor, where the facts are within the knowledge of such attorney.

2 SAME—SUFFICIENCY.

Where attorneys in fact for petitioning creditors swore to the bankruptcy petition that the statements made therein were true, to the best of their knowledge and belief, without distinguishing the facts based on knowledge from those based on information only, the verification was insufficient.

3. SAME—AMENDMENT.

An involuntary bankruptcy petition, invalid by reason of a defect in the verification, is amendable.

4. SAME—PREFERRED CREDITORS—JOINDER IN PETITION.

Since a preferred creditor may surrender his preference and qualify himself to participate in bankruptcy proceedings, creditors who had received a preference, but who disclaimed and offered to surrender the same in the bankruptcy petition or course of the proceedings, may be counted in determining the number of qualified creditors signing the petition.

5. SAME.

The fact that an original involuntary bankruptcy petition was insufficient, by reason of the fact that one or more of the petitioners were disqualified, does not prevent the defect being cured by the intervention of other creditors competent to sign the same.

6. SAME—PETITION—ACT OF BANKRUPTCY—SUFFICIENCY.

Where an involuntary bankruptcy petition averred that the debtor, while insolvent, transferred and delivered a large number of good and collectible notes, of the value of over $5,000, to C. & Co., with intent to prefer them over other creditors, it was not objectionable for failure to charge that C. & Co. were creditors of the bankrupt.

---

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 123.

**7. SAME.**

Where an involuntary bankruptcy petition averred that a preference had been given by the bankrupt within four months of the date of the filing of the petition, it was not demurrable for failure to give the specific date of the preference.

**8. SAME—JUDGMENT AND EXECUTION.**

Where an involuntary bankruptcy petition alleged that judgment had been obtained and executions levied against the bankrupt's property, but failed to state the further history of the executions, it did not state an act of bankruptcy, since it is only the debtor's failure within five days before a sale of his property levied on to have the execution vacated or discharged, and not the rendition of a judgment and the levying of execution, that constitutes an act of bankruptcy.

In Bankruptcy. Demurrer to petition.

David Cameron, for demurrer.

N. H. Ryan and Sherwood & Owlett, for petitioner.

ARCHBALD, District Judge. This is a special demurrer, filed by the respondent, calling in question, in several particulars, the sufficiency of the proceedings instituted against him. The first question is as to the verification of the petition. This is made by the attorneys in fact of the petitioning creditors, all of whom are corporations of other states, who swear that they are authorized to institute the proceedings and verify them, and that the statements made therein are true, "to the best of their knowledge, information and belief." There can be no doubt as to the right of an attorney in fact to make the necessary oath where the facts are within his own knowledge, and this will be assumed where the oath is in positive terms. In re Chequasset Lumber Company (D. C.) 112 Fed. 56; In re Herzikopf (D. C.) 118 Fed. 101; In re Hunt (D. C.) 118 Fed. 282. But in the present instance the oath is not positive, but qualified—to the best of the affiants' knowledge, information, and belief—rather loose terms, which may be made to mean anything or nothing. The difficulty is that the facts which are affirmed of knowledge are not distinguished from those which are based on information, thus, in effect, dissipating the force of the affidavit. The first ground of demurrer is therefore well taken, but, as this is an amendable defect, opportunity will be given to remedy it. In re Bellah (D. C.) 116 Fed. 69.

The original petition was sufficient on its face, so far as respects the number and amount of the claims represented—being made by the Troy Wagon Works, with a debt of $758.93; the Thornhill Wagon Company, with one of $162.50; and the Rex Buggy Company, with another of $1,137. Nine other creditors have asked and been allowed to intervene, but, as the extent of the debts due them is not specified, no account can be taken of them, except for number. Three of them, as it is said, have received preferences, which disqualify them; but, even if that be true, six are left, of unquestioned competency, which is all that is necessary in that connection. Of the original petitioners, however, it is conceded by the amendment presented at the argument that the Troy Wagon Works and the Rex Buggy Company at the time of filing the petition had each secured a judgment before a justice of the peace, issued execution, and obtained a

levy on the respondent's goods; also that the Troy Wagon Works, within a month, had received a cash payment of $20, and four wagons, to apply on their debt, and that the Rex Buggy Company had also received a similar payment of $57. By reason of these preferences, it is claimed that neither of them had a provable debt, and that the proceedings, not being sustained by the requisite amount of claims, must therefore be dismissed.

Whether a creditor who has obtained a preference can file an involuntary petition is a controverted question, which I shall not undertake to decide. It is held that he cannot, in In re Rogers Milling Company, 4 Am. Bankr. R. 540, 102 Fed. 687, In re Gillette & Prentice, 5 Am. Bankr. R. 119, 104 Fed. 769, and In re Burlington Malting Company, 6 Am. Bankr. R. 369, 109 Fed. 777; and that he can, in In re Herzikopf (D. C.) 118 Fed. 101. It seems to turn on whether one who has secured a preference has a provable debt, within the meaning of the law, as to which it is said in Collier on Bankruptcy (4th Ed.) 407, that "provable" here has the sense of "allowable," and that a preferred creditor cannot therefore petition. But on the other hand, it is maintained in Brandenburg on Bankruptcy, § 922, that under the present act the proof and the allowance of claims are distinct, and that there is no requirement that a preferred creditor shall surrender payments on account before proving his claim, but merely that it cannot be allowed unless the preference is surrendered, and that as the claim is not satisfied by the preference, and there is no prohibition against proving it, a preferred creditor has a provable claim, and may institute proceedings. But however this may be, it is conceded by all the authorities that a preferred creditor may surrender his preference, and thus qualify; and since, as pointed out by Brandenburg, there is no one, prior to the selection of a trustee, to whom he can surrender, it is sufficient if he offers to do so in the petition or in the course of the proceedings; and that, in effect, is what has been done here. Both of the creditors assailed disclaim any purpose of trying to secure a preference by the judgments and executions which they obtained, and, on the contrary, aver that the executions were issued by mistake, and have now been recalled, and the liens on them released. The Rex Buggy Company also offer to surrender and tender back the small payment on account which they received; and while this is not true of the Troy Wagon Works, who seem to defend the receipt of the money and wagons that were turned over on the ground that they were accepted by them in the due course of business, not knowing that the respondent was insolvent; yet, putting them aside, two, at least, of the original petitioners completely qualify, with debts amounting to $1,250.99, and, counting for number the six other unpreferred creditors who have intervened, we have the requisite number and amount to sustain the proceedings.

It is urged, however, that as the original petition was insufficient, by reason of one of the petitioners being disqualified, it cannot be cured by the intervention of others; but that does not seem to be the law. The proceedings, as originally instituted, were formally sufficient; and even though some of the petitioning creditors were not, as argued, entitled to prosecute them, they nevertheless inured

to the benefit of all, and others may unquestionably come in for the purpose of supplying any deficiency. In re Bedingfield, 2 Am. Bankr. R. 355, 96 Fed. 190; In re Mercur, 2 Am. Bankr. R. 626, 95 Fed. 634; In re Mammoth Pine Lumber Company, 6 Am. Bankr. R. 84, 109 Fed. 308; In re Ryan, 7 Am. Bankr. R. 562, 114 Fed. 373.

But further exception is taken to the acts of bankruptcy charged. One of these is that the respondent, while insolvent, transferred and delivered a large number of good and collectible promissory notes, of the value of over $5,000, to Charles H. Childs & Co., with intent to prefer them over his other creditors. While Charles H. Childs & Co. are not said, in so many words, to be creditors, this is plainly implied, and is therefore sufficiently averred, notwithstanding the argument made against it. The other criticism is that the date of the transfer is not given; but it is said to be within four months of the petition, which is the material thing; and, although it might have been better to have given a specific date, the omission is not demurrable. As much cannot be said, however, of the other act of bankruptcy charged. It is not the mere obtaining of a judgment and levying execution on the property of the debtor while insolvent that makes him liable as a bankrupt, but the failure on his part, within five days before a sale or final disposition of the property levied on, to have the same vacated or discharged; and there is nothing of that kind alleged here. All that is stated is that judgments were obtained and executions levied, but what became of them is not shown. The vital point in the charge is thus left out, and as to this the demurrer is well taken.

The conclusion on the whole case, therefore, is that the demurrer must be overruled, except with respect to the verification of the petition and the specification of the second act of bankruptcy charged, as to which it is sustained, with leave to the petitioners to amend within 10 days.