ROGERS et al. v. DE SOTO PLACER MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

No. 1,103.

BANKRUPT'S PETITION—VERIFICATION BY ATTORNEY.

An involuntary bankruptcy petition, containing a verification by petitioners' attorney in which he stated on oath that he was such attorney, that the statements contained in the petition were true, and that the reason why the verification was made by him, instead of the petitioners in person, was because the petitioners were all without the district, and for that reason unable to verify the petition, and that he was duly authorized to institute and conduct the proceedings, was sufficiently verified under Bankr. Act July 1, 1898, c. 541, § 18, subd. "c," 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], providing that all pleadings setting up matters of fact shall be verified under oath.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 123.]

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

The record shows that the appellants filed, on the 7th day of April, 1904, in the court below, their amended petition to have the appellee declared bankrupt, the petition being verified by one of the attorneys for the petitioners, whose affidavit was as follows:

"United States of America, District of Alaska—ss.:

"James W. Bell, being first duly sworn, deposes and says: That he is an attorney at law, duly admitted to practice, and is actively engaged in the practice of law before the United States District Court for the District of Alaska, second Division; that he has full authority to appear for the above-named petitioners in the above-entitled matter; that he has read the foregoing amended petitions, knows the contents thereof, and believes the same to be true; that affiant's knowledge of the matters and things set forth in said petition are derived from statements under oath received from petitioners from Seattle, Washington, during the present winter, and from certified copies of the records of respondent's properties in the District of Alaska. Affiant makes this verification for the reason that said petitioners are not now within the jurisdiction of this court, and are unable to make this verification.

"Jas. W. Bell.

"Subscribed and sworn to before me this 4th day of April, 1904.
"[Notarial Seal.]                                    Viola C. Orton,
        "Notary Public in and for the District of Alaska."

This verification having been held insufficient by the court below, the petitioners, on the 9th of April, 1904, filed a second amended petition, verified as follows:

"United States of America, District of Alaska—ss.:

"James W. Bell, being first duly sworn, on his oath deposes and says: That he is the attorney for the petitioners named in the foregoing amended petition, and that the statements therein contained are true; that the reason why this verification is made by affiant, instead of by said petitioners in person, is because said petitioners are all without the District of Alaska, and for that reason unable to verify said petition; that affiant is an attorney of this court, and has been duly authorized to institute and conduct the proceedings herein.

"Jas. W. Bell.

"Subscribed and sworn to before me this 9th day of April, 1904.
"John H. Dunn,
"Deputy Clerk, U. S. District Court, District of Alaska, 2d Div., Residing at Nome."

The respondent thereupon moved the court "to dismiss these proceedings, and that the petition of petitioners be stricken, upon the ground that the

second amended petition is not verified according to law," which motion was granted by the court, and the proceedings dismissed, and a judgment of dismissal entered, from which the appeal is taken.

James W. Bell, Ira D. Orton, Ira M. Campbell, Thomas H. Breeze, and W. H. Metson, for appellants.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge, after stating the case as above, delivered the opinion of the court.

. There is, we think, no doubt of the sufficiency of the verification in question. The only requirement of the bankruptcy act relative to verification of pleadings is found in section 18, subd. "c," Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]: "All pleadings setting up matters of fact shall be verified under oath." Here was a verification by the attorney of the petitioners, made because of their absence from the District of Alaska, and their consequent inability to verify it, and based upon his knowledge of the facts. We can conceive of no good reason why such a verification is not good under the circumstances stated in the affidavit, and it has been held sufficient by a number of the federal courts.

Thus, in the Matter of Herzikopf (D. C.) 118 Fed. 101, it was said by Judge Wellborn:

"The verification to the creditors' petition is, on its face, sufficient. In re Chequasset Lumber Co. (D. C.) 7 Am. Bankr. Rep. 87, 112 Fed. 56. See, also, In re Simonson (D. C.) 1 Am. Bankr. Rep. 197, 92 Fed. 904, and Bank v. Craig (D. C.) 6 Am. Bankr. Rep. 381, 110 Fed. 137. The bankrupt act does not require a petition in involuntary bankruptcy to be verified by the creditor personally, although, where the creditor is present, and the facts are within his knowledge, he doubtless ought to make the verification. Section 1 of said act, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], however, contains this definition: 'Creditor shall include any one who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy.'

"General Order No. 4, 89 Fed. iv, which is in line with said definition, is as follows: '(4) Conduct of Proceedings. Proceedings in bankruptcy may be conducted by the bankrupt in person in his own behalf, or by a petitioning or opposing creditor; but a creditor will only be allowed to manage before the court his individual interest. Every party may appear and conduct the proceedings by attorney, who shall be an attorney or counsellor authorized to practice in the Circuit or District Court. The name of the attorney or counsellor, with his place of business shall be entered upon the docket, with the date of the entry. All papers or proceedings offered by an attorney to be filed shall be indorsed as above required, and orders granted on motion shall contain the name of the party or attorney making the motion. Notices and orders which are not, by the act or by these general orders, required to be served on the party personally may be served upon his attorney.'

"This order seems to give to the attorney of a bankrupt or creditor power to do any act in the bankruptcy matter which the bankrupt or creditor might do personally, and requires no other evidence of his authority than the fact of his admission to practice in the Circuit or District Court. The title or headlines to Form No. 20 in bankruptcy (89 Fed. xxxvii) is as follows: 'General letter of attorney in fact when creditor is not represented by an attorney at law.' No form of authorization whatever is prescribed for an attorney at law, and this, presumably, for the reason that the fact of his being a practitioner of the court is all the evidence of his authority which the law requires.

"Loveland, in his work on Bankruptcy, at page 152, says: 'The petition should be signed by the petitioning creditor or creditors, or their attorney

or agent. It must be verified as to matters of fact by an affidavit under oath. Neither the statute nor the general orders require the petition to be signed or verified by the petitioners personally. It therefore seems that an attorney or an agent who has knowledge of the facts may make the oath. The rule was otherwise under the act of 1867.'

"That part of the bankrupt act of March 2, 1867, as amended in 1874, referred to by Loveland, is as follows: 'And the petition of creditors under this section may be sufficiently verified by the oaths of the first five signers thereof, if so many there be. And if any of said first five signers shall not reside in the district in which such petition is to be filed, the same may be signed and verified by the oath or oaths of the attorney or attorneys, agent or agents, of such signers.' 18 Stat. pp. 181, 182, c. 390.

"Read in the light of this clause, the case of In re Sargent, 21 Fed. Cas. 495 (No. 12,361), cited by the referee herein, in so far as it holds that where a verification is made by an attorney at law his authority must be shown, means only that it should be made to appear by the affidavit, or otherwise, that the petitioning creditor is a nonresident of the district; and this fact, by the way, does appear from the affidavit in the case at bar. Moreover, said affidavit being positive in its terms, and not upon information and belief, it must be assumed that the facts were within the knowledge of the affiant, and this fulfills the requirement mentioned by Loveland in the quotation above given."

In the Matter of Vastbinder (D. C.) 126 Fed. 418, the court said:

"There can be no doubt as to the right of an attorney in fact to make the necessary oath, where the facts are within his own knowledge, and this will be assumed where the oath is in positive terms."

To the same effect are the cases In re Chequasset Lumber Company (D. C.) 112 Fed. 56, and In re Hunt et al. (D. C.) 118 Fed. 282.

The judgment is reversed, and cause remanded for further proceedings in accordance with law.