**In re PEARL COAL CO.**

**No. 9924.**

District Court, M. D. Pennsylvania.
Jan. 24, 1940.

Archibald Palmer, of New York City, and Maurice V. Cummings, of Scranton, Pa., for petitioners.

J. Donald Reifsnyder, of Scranton, Pa., for trustee.

JOHNSON, District Judge.

This is a petition to review the decision of the referee dismissing the petition of Maybelle Pearlman and Lillian Reiff to vacate both voluntary and involuntary adjudications in bankruptcy in the above case.

February 4, 1939, the Pearl Coal Company was adjudicated a voluntary bankrupt, the adjudication being based upon a written admission of insolvency and willingness to be adjudged a bankrupt, said admission being signed by Harry Rubin as secretary to the said Pearl Coal Company, pursuant to action taken February 3, 1939, by the alleged board of directors of the Pearl Coal Company. On February 21, 1939, this company was again adjudicated a bankrupt, this time upon the involuntary petition filed against it on February 4, 1939 by Liberty Powder Company, Michael P. Hudak, Mary Maninski and Stephen Hudak, copartners trading as Hudak Electric Motor Company, J. P. Heidenreich and Leonard VonOstrand, trading as Heidenreich & VonOstrand, and Leora Jones, trading as George M. Jones Electric Shop, creditors. No answer had been filed by the alleged bankrupt to the rule to show cause why an adjudication should not be entered upon the involuntary petition. March 30, 1939, Maybelle Pearlman, alleged creditor, filed a petition to vacate both of the above adjudications, the petition being joined in by Lillian Reiff, alleged stockholder. On April 3, 1939, the petition was referred to William K. Goldstein, Esquire, Referee in Bankruptcy, by the Court, to determine:

"1. Whether the law firm of Stark, Bissell and Reifsnyder were authorized on or before February 4, 1939 by the petitioning

creditors to file the involuntary petition in bankruptcy against the alleged bankrupt as the attorneys for the said petitioning creditors.

"2. Whether Lee P. Stark, Esquire, was duly authorized on or before February 4, 1939, by the petitioning creditors to make the affidavit or verification to the said involuntary petition in bankruptcy as the attorney in fact for the said petitioning creditors.

"3. Whether the resolution of the Board of Directors of the alleged bankrupt which purports to have been passed February 3, 1939, and to authorize the officers of the alleged bankrupt corporation to admit its insolvency, was duly passed according to law by the proper and legally constituted officers and directors of the alleged bankrupt corporation."

The Order of Court of April 3, 1939, further stated that if the answers to questions (1) and (2) above are in the affirmative, then the involuntary adjudication is valid, and the petition to vacate it should be dismissed; and that, if the answer to question (3) above is in the affirmative, then the voluntary adjudication is valid, and the petition to vacate it should be dismissed; and that, if either adjudication is valid as set out above, then the petition of Maybelle Pearlman to vacate the adjudications should be dismissed and the proceedings continued under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.

The referee has held hearings and taken testimony on the above questions, has found the answers to all three questions in the affirmative and has recommended the dismissal of the petition to vacate the adjudications. Oral argument on the petition to review was had in open court on October 31, 1939.

The referee's findings on the three questions will be separately considered.

■ One. There is adequate evidence to support the finding of the referee that on or before February 4, 1939, the firm of Stark, Bissell and Reifsnyder had authority to file an involuntary petition in bankruptcy against the Pearl Coal Company on behalf of the petitioning creditors. An attorney at law may sign an involuntary petition in bankruptcy on behalf of his client: Matter of Miles Paint Manufacturing Company, 32 Am.Bankr.Rep. 794; In re Hunt, D. C., 118 F. 282, 9 Am.Bankr.Rep. 251; In re Chequasset Lumber Company, D.C., 112

F. 56, 7 Am.Bankr.Rep. 87; In re Vastbinder, D.C., 126 F. 417, 11 Am.Bankr. Rep. 118. It should be made to appear that there is good reason for the attorney signing instead of the creditor, but this reason need not be set forth in nor attached to the petition. It is sufficient that good reason be proved when the authority to sign is questioned. Emergency of the situation, such as existed in the instant case, is good justification for the attorney's signing. An attorney authorized to practice in the court where the bankruptcy proceedings are had, is presumed to be duly authorized to appear and act for any creditor he assumes to represent, until the contrary is proved: In re Gasser, 8 Cir., 104 F. 537, 5 Am.Bankr.Rep. 32; In re Brasher, D.C., 275 F. 481, 47 Am.Bankr.Rep. 350; Gage & Co. v. Bell, D.C., 124 F. 371, 10 Am.Bankr.Rep. 696.

■ All the evidence adduced at the hearing before the referee tends to show authority to sign, rather than lack of that authority. The petitioners introduced no testimony showing lack of authority. When called upon here to prove the authority by which they acted, Stark, Bissell and Reifsnyder proved good verbal authority on or before February 4, 1939 from each petitioning creditor, and, at the time their authority was questioned, they secured from each petitioning creditor a written power of attorney confirming the verbal power theretofore given. The written powers of attorney are properly signed by persons who have sufficiently proved their authority to make the same and to have given the oral authority.

■ Two. The referee has properly found that the verification of the involuntary petition should be sustained. An attorney in fact may verify a petition where he states he is authorized to do so and the facts are within his knowledge. Both of these conditions are present in this case. His authority to verify must be established in the affidavit or otherwise. It is not required that the petitioning creditors he represents be out of the district, and his formal authority to act need not be attached to the affidavit: In re Chequasset Lumber Company, D.C., 112 F. 56, 7 Am.Bankr. Rep. 87; In re Vastbinder, D.C., 126 F. 417, 11 Am.Bankr.Rep. 118; In re Hunt, D. C., 118 F. 282, 9 Am.Bankr.Rep. 251.

■ On February 4, 1939, Lee P. Stark, Esquire, did not have written au-

thority to verify the involuntary petition, but he had oral authority so to do, and personal knowledge of the facts, and the exigencies of the situation justified him in proceeding without securing written authority, since he could secure and produce the written authority when his verbal authority was questioned.

■ Three. The referee has correctly found that the resolution of February 3, 1939, admitting the insolvency of the Pearl Coal Company and its willingness to be adjudged a bankrupt, was duly passed according to law by the proper and legally constituted officers of the alleged bankrupt corporation. After a careful and conscientious study of the entire record, it appears that the officers and directors who passed said resolution were the same ones who had been directing and managing all the affairs of the company for over fourteen months immediately preceding February 3, 1939 under color of proper election and authority, that this was known to the petitioners, who did not object thereto although they had available legal methods by which to test the authority of these men to hold office, and that therefore the acts of Harry Rubin and Irving Shalit (who passed the resolution in question) were at least the acts of de facto officers and directors of the corporation, and as such are binding on petitioners here until the time when direct action is taken to remove these men from office. In determining whether Rubin and Shalit are proper officers and directors of the Pearl Coal Company, it adds weight to the argument that they are, that in the course of these proceedings no one has appeared claiming he is entitled to an office or directorship held by either of these men.

■ The Pearl Coal Company is a Pennsylvania Corporation, incorporated under the Business Corporation Law, 1933, May 5, Pa.P.L. 364, 15 Purdon's Pa.Stat. Anno., sec. 2852—1 et seq. Article III, section 319 of this act, 15 Purdon's Pa.Stat. Anno., sec. 2852—319, provides that de jure directors of a corporation may authorize and designate the officers of the corporation to admit its insolvency, without consent of the shareholders. De facto directors and officers may exercise all the powers of de jure officials so as to bind all persons who acquiesce in their management and direction, and they may continue to exercise these powers in such binding manner until they are, through proper legal steps, removed from office and replaced by other legally constituted directors and officers. That being the case, the court need not now determine whether Rubin and Shalit are also de jure, as well as de facto, representatives of the alleged bankrupt corporation, for their actions as de facto officers and directors were sufficient to be binding on the present petitioners.

It should be noted that at the hearing before the referee the petitioners did not produce any witnesses or any testimony tending to show either bad faith or irregularities in these bankruptcy proceedings, while there were witnesses who testified in support of the validity of such proceedings. Full briefs were filed by counsel with the referee, and with the Court when it heard argument on the petition. The court has carefully examined all of these, and upon a fair consideration in every way, is of the opinion that both from the standpoint of formal procedure and from the standpoint of the merits, the present bankruptcy petitions have been filed in good faith and form, and that the petition of Maybelle Pearlman, joined in by Lillian Reiff, contains no merit, and should be dismissed.

It is therefore ordered and decreed that the findings of fact of the referee on the three questions certified to him by order of this Court dated April 3, 1939, be, and the same are hereby, confirmed; it is further ordered and decreed that the petition to review the findings of the referee on these questions be, and the same is hereby, dismissed; it is further ordered and decreed that the petition of Maybelle Pearlman, joined in by Lillian Reiff, to vacate the adjudications in bankruptcy, both voluntary and involuntary, entered in the above case, be, and the same is hereby, dismissed, and it is further ordered and decreed that in view of the above order, proceedings shall be continued under the terms of the Bankruptcy Act with as much promptness and dispatch as possible.