### In re H. E. PLOOF MACHINERY CO.

(District Court, S. D. Florida. November, 1916.)

BANKRUPTCY ⟐24—PROVING CLAIMS—REPRESENTATION BY ATTORNEY—"CREDITORS".

Under Bankr. Act July 1, 1898, c. 541, § 1, subd. 9, 30 Stat. 544 (Comp. St. 1916, § 9585), defining "creditor" as including the creditor's duly authorized agent, attorney, or proxy, unless the context is inconsistent with such construction, and General Order No. 4 (89 Fed. iv, 32 C. C. A. viii) providing that proceedings in bankruptcy may be conducted by the bankrupt, in person, in his own behalf, or by a petitioning or opposing creditor, and that a creditor will only be allowed to manage before the court his individual interest, and that every party may appear and conduct the proceedings by an attorney, who shall be an attorney or counselor authorized to practice in the Circuit or District Court, if an attorney in fact may prepare the proof of claim and present it to the referee for allowance, he may do so only for a particular creditor, and may not so represent more than one creditor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

In Bankruptcy. In the matter of the H. E. Ploof Machinery Company, bankrupt. On review of an order of the referee, refusing to allow a claim to be presented by an attorney in fact. Order affirmed.

McNeil & Strum, of Jacksonville, Fla., for appellants.

Haley & Heintz and Marks, Marks & Holt, all of Jacksonville, Fla., for appellees.

CALL, District Judge. The question raised by the petition to review in this case may be broadly stated to be: Can a person or a corporation represent a creditor in a bankruptcy proceeding, unless such person is an attorney of the court in which the proceeding is pending? A

person may, of course, represent himself in any of the courts of the United States. The bankruptcy court is not an exception to this general rule. Under Bankruptcy Act, § 1 (9), the word "creditor" is defined to include his duly authorized agent, attorney, or proxy, unless the context is inconsistent with such construction. As I understand the decisions, this provision has been construed to require a special authorization to represent the creditor as distinguished from the general representation of attorney at law, which arises from his employment.

It is well to bear in mind that all the proceedings in bankruptcy, with the possible exception of the meeting of creditors to select a trustee and fix the amount of his bond, are judicial in their character; the referee being a part of the bankruptcy court with judicial functions to be performed by him in the administration of the estate. An appearance before the referee for the purpose of protecting a creditor's rights is no other or different from an appearance before the judge in so far as the act of practicing law is concerned. Now General Order No. 4 (89 Fed. iv, 32 C. C. A. viii), with a view of carrying out the provisions of the Bankruptcy Act, and recognizing that a creditor may represent himself in all judicial proceedings, makes it plain that that representation is confined to his interest alone. When one prepares the proof of claim and presents it to the referee for the purpose of having it allowed, I apprehend no one would seriously contend he was not engaging in the practice of law. This is a proceeding then pending in the bankruptcy court, and the presenting and having filed the proof of claim is in the nature of an intervention inter esse suo, and clearly an act of practicing law. Now the creditor may do this for himself, but not in the interest of another; and if he may do this by giving a layman a power of attorney, it is only because the word "creditor" may without doing violence to the context be construed to mean duly authorized agent, attorney, or proxy. The language of General Order No. 4, which has all the force of law, it seems to me, makes this construction of the word creditor extremely doubtful. But granting that the word is susceptible of that construction, then certainly it must be confined to that particular creditor. If any other construction should be given the act and general orders then any one other than an attorney at law might by procuring powers of attorney from many creditors do a flourishing practice in the bankruptcy courts, and thus make meaningless General Order No. 4, and set at naught the laws governing the responsibilities and relations of attorney and client.

There is no merit in the contention that a court of bankruptcy is a business man's court, without rules of procedure, etc. Now, while counsel specifically urged at the hearing that he did not claim the attorney in fact for many creditors could appear and urge the claims of his principals before the judge of this court, yet if his contentions were carried to their legitimate conclusion such would be the effect and the proceedings, instead of being judicial, would partake more of the proceedings of a town meeting. The duties of an attorney at law to the court and to his client are well recognized by the law. He is an officer of the court, required to take an oath of office; has peculiar

privileges and great responsibility, and these it seems to me are recognized by the General Order No. 4, and the rules of practice of this court.

It would not be contended, I apprehend, that a corporation could engage in the practice of law, and everything I have said above applies with additional force to corporations. Nor would it be contended, I suppose, that a corporation could, through its manager or agent, engage in such practice.

The referee in the instant case allowed the attorney in fact to present, prove and have allowed one claim and refused to allow a second claim presented by the same attorney in fact. This last creditor petitions for this review. I have not decided the question whether an attorney in fact can represent the creditor in proceedings before the referee, if he is not an attorney at law, because I do not think that question is raised on the record. Whether such person can represent the creditor or not, I feel assured that he cannot represent more than one, unless he is an attorney admitted to practice in that court, and therefore there is no error against the petitioning creditor in this case.