In re OKLAHOMA P.A.C. FIRST LIMITED PARTNERSHIP, an Arizona limited partnership, Debtor.

CITY OF LAFAYETTE, COLORADO, and Crossland Mortgage Corporation, Movants,

v.

OKLAHOMA P.A.C. FIRST LIMITED PARTNERSHIP, an Arizona limited partnership, Respondent.

Bankruptcy No. B–89–8110–PHX–SSC. Adv. No. E.

United States Bankruptcy Court, D. Arizona.

Oct. 15, 1990.

---

Peter J. Rathwell, Donald L. Gaffney, Patrick E. Hoog, Eugene F. O'Connor, Jon S. Musial, Snell & Wilmer, Phoenix, Ariz., former Attys., for City of Lafayette and Crossland Mortg. Corp., Attys. of Record, for Kansas City Life Ins. Corp., Valley Nat. Bank, and Valley Nat. Mortg. Corp.

John J. Hebert, Carolyn J. Johnsen, Hebert, Schenk, Johnsen & Dake, Phoenix, Ariz., for debtor.

## MEMORANDUM DECISION

SARAH SHARER CURLEY,
Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the court upon the request of the above-captioned Debtor, Oklahoma P.A.C. ("Debtor") for a determination to what extent counsel for numerous secured creditors must file a verified statement pursuant to Bankruptcy Rule 2019.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(A). To the extent necessary, this Memorandum Decision shall constitute this Court's findings of fact and conclusions of law.

### FACTUAL HISTORY

On August 31, 1989, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code. The Debtor owns real property with an estimated value of $50 million. The assets range from vacant land to land improved with houses. The houses are generating income either under agreements for sale or rental agreements with third parties.

On November 9, 1989, the City of Lafayette, Colorado ("City of Lafayette") filed a Motion for Relief from the Automatic Stay imposed under Section 362 of the Bankruptcy Code. The City of Lafayette initially requested relief under Section 362(d)(1) [1]

---

1. Section 362(d)(1) provides that:
   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

for cause, alleging that the Debtor's petition was filed in bad faith. The Debtor filed an objection to the relief requested. On January 30, 1990, Crossland Mortgage Corporation ("Crossland") filed a Motion to Intervene in the adversary proceeding. As part of its proposed joinder in the City of Lafayette's Motion, Crossland raised issues under Section 362(d)(2) [2], alleging that the subject real property of the adversary proceeding, an incomplete shopping center named "Countryside Village" in Lafayette, Colorado, was overencumbered as a result of the indebtedness due and owing the City of Lafayette and Crossland. Crossland also alleged that the subject real property was not necessary for an effective reorganization. Crossland did not allege which creditor had a superior lien on the property.

In the responsive pleading filed by the Debtor on February 13, 1990, objecting to the intervention, the Debtor moved this Court to determine the compliance of the City of Lafayette, Crossland, three other creditors, and its counsel with Bankruptcy Rule 2019. The same law firm represented not only the City of Lafayette and Crossland, but also Valley National Bank, Kansas City Life Insurance Company and Valley National Mortgage Corp.[3]

On March 5, 1990, the creditors and their counsel filed a responsive pleading to the Motion to Determine Compliance acknowledging that the same law firm represented the aforesaid five creditors in the bankruptcy proceedings, but stating that Bankruptcy Rule 2019 was not intended to apply to individual creditors or counsel representing numerous creditors. On March 19, 1990, this Court ruled on the Motion to Determine Compliance with Bankruptcy Rule

2019 that counsel for the five creditors should immediately comply. On March 29, 1989, counsel for the five creditors filed (a) a Verified Statement in an effort to comply with Bankruptcy Rule 2019, (b) a Motion for Reconsideration of this Court's Bench Ruling of March 19, and (c) a form of Order incorporating this Court's Bench Ruling. This Court did not sign the Order presented, and held a hearing on the Motion for Reconsideration on May 9, 1990. The Court rendered its Bench Ruling denying the Motion for Reconsideration. On June 1, 1990 this Court entered an Order concerning the Motion to Determine Compliance and the Motion for Reconsideration. This Memorandum Decision incorporates and amplifies this Court's Bench Rulings on March 19, 1990 on the Motion to Determine Compliance and on May 9, 1990 on the Motion for Reconsideration.

## LEGAL ISSUE

Whether a law firm representing individual creditors must comply with the disclosure provisions of Bankruptcy Rule 2019.

## DISCUSSION

As a starting point, this Court notes that Bankruptcy Rule 2019 provides in pertinent part:

(a) *Data Required.* In a … chapter 11 reorganization case, except with respect to a committee appointed pursuant to § 1102 of the Code, every entity or committee representing more than one creditor or equity security holder and, unless otherwise directed by the court, every indenture trustee, shall file a verified statement with the clerk setting forth (1)

---

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; …

**2.** Section 362(d)(2) provides:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.

**3.** The Debtor's Motion to Determine Compliance with Bankruptcy Rule 2019 should have been filed as a separate pleading in the administrative file. Because the outcome of the Motion might have had an impact on the ability of counsel to continue to represent the litigants in this adversary proceeding, this Court determined to rule immediately on the Motion to Determine Compliance.

the name and address of the creditor or equity security holder; (2) the nature and amount of the claim or interest and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition; (3) a recital of the pertinent facts and circumstances in connection with the employment of the entity ...; and (4) with reference to the time of employment of the entity, ... the amounts of claims or interest owned by the entity ..., the amounts paid therefor, and any sales or other disposition thereof.

The Verified Statement should include a copy of the instrument, if any, by which the entity is empowered to act. If there are any material changes to the facts as stated in the Verified Statement, the entity should file promptly a supplemental Verified Statement. Bankruptcy Rule 2019(a).

The Rule, on its face, is extremely broad. The Rule provides as an exception to its application, any official Committee of Creditors or interested parties appointed under Section 1102 of the Bankruptcy Code.[4] Therefore, its application must be to *informal* committees of creditors or interested

parties. It is not unusual in the Chapter 11 context for these informal committees to be represented by one law firm, with the law firm to have the claims of the creditors or interested parties assigned to it, so that the law firm may act on the parties' behalf.

■ If there is a failure to comply with the disclosure provisions of Bankruptcy Rule 2019, the Court may, *inter alia,* refuse to permit the entity acting on behalf of the parties from being heard further in a Chapter 11 case.[5]

In reviewing the scope of Bankruptcy Rule 2019(a), one commentator has stated:

Rule 2019 applies only in cases under chapter 9 or chapter 11 of the Bankruptcy Code. The rule is part of the disclosure scheme of the Bankruptcy Code. It is designed to foster the goal of reorganization plans which deal fairly with creditors and which are arrived at openly. Rule 2019 covers entities which act in a fiduciary capacity but which are not otherwise subject to the control of the court. The rule, therefore, specifically excepts from its terms committees ordered organized under section 1102 of the Code.

4. **11 U.S.C. § 1102**

Section 1102. Creditors' and equity security holders' committees.

(a)(1) As soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States deems appropriate.

(2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

(b)(1) A committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee, or of the members of a committee organized by creditors before the commencement of the case under this chapter, if such committee was fairly chosen and is representative of the different kinds of claims to be represented.

(2) A committee of equity security holders appointed under subsection (a)(2) of this sec-

tion shall ordinarily consist of the persons, willing to serve, that hold the seven largest amounts of equity securities of the debtor of the kinds represented on such committee.

5. Bankruptcy Rule 2019(b) provides that:

(b) **Failure To Comply; Effect.** On motion of any party in interest or on its own initiative, the court may (1) determine whether there has been a failure to comply with the provisions of subdivision (a) of this rule or with any other applicable law regulating the activities and personnel of any entity, committee, or indenture trustee or any other impropriety in connection with any solicitation and, if it so determines, the court may refuse to permit that entity, committee, or indenture trustee to be heard further or to intervene in the case; (2) examine any representation provision of a deposit agreement, proxy, trust mortgage, trust indenture, or deed of trust, or committee or other authorization, and any claim or interest acquired by any entity or committee in contemplation or in the course of a case under the Code and grant appropriate relief; and (3) hold invalid any authority, acceptance, rejection, or objection given, procured, or received by an entity or committee who has not complied with this rule or with § 1125(b) of the Code.

On the other hand, the Code contemplates that there will be unofficial committees. Any such unofficial committee must comply with Rule 2019 by its terms

...

The rule will apply to any entity, including an attorney, who represents more than one creditor or equity interest holder. While a failure to comply with Rule 2019 will not affect the ability of an attorney to prosecute an involuntary chapter 11 petition, the rule must be complied with by such an attorney in order to be heard on behalf of multiple creditors on any other matter. [citations omitted.]

8 *Collier on Bankruptcy* ¶ 2019.03, pp. 2019–3 to 2019–5 (15th ed. 1989). Counsel for the five creditors conceded at oral argument on the Motion for Reconsideration that no commentator supported his position.

Moreover, this Court's review of the relevant case law at the time of the initial hearing on the Motion to Determine Compliance and subsequently at the hearing on the Motion for Reconsideration discloses only one published decision that discusses Bankruptcy Rule 2019 and the effect of an attorney who fails to comply therewith.

In the decision of *In re Hudson Shipbuilders, Inc.*, Bankruptcy No. 83–07199–SC, Civil Action No. S84–0757(N) (S.D.Miss. 1985)[6], the District Court determined on appeal the appropriateness of an award of attorneys' fees to a secured creditor of the debtor. One of the issues raised on appeal was whether the secured creditor should be denied recovery of its attorneys' fees because its counsel had represented both the secured creditor and an unsecured creditor in the bankruptcy proceedings, and said attorney had failed to comply with Bankruptcy Rule 2019(a).

In Part III of the Opinion, the Court initially notes that "the property right in an attorney fee vests exclusively in the secured creditor." The Court then adds "[t]hus, as it pertained to [the Secured Creditor], no conflict of interest existed in the case." This misses the point, however. The attorney's representation of a secured and an unsecured creditor in the same case may have impaired that attorney's ability to represent the separate, distinct and frequently adverse interests of the clients on many issues. This impairment could result in the denial of compensation to the attorney from assets of the bankruptcy estate. The District Court then noted that even if a conflict of interest did exist because the attorney represented a secured and unsecured creditor, the trial court was in the most advantageous position to determine whether the award of attorneys' fees should be denied to counsel.

In addressing the Bankruptcy Rule 2019 issue, the District Court assumed that the attorney must comply with the Rule. The only issue on appeal was the appropriate remedy for a failure to comply. Bankruptcy Rule 2019(b) affords the trial court with a great deal of discretion in fashioning the remedy. The District Court concluded on appeal that even though the trial court found that the attorney represented conflicting interests in the case and that the attorney had not complied with Bankruptcy Rule 2019, the trial court had the discretion nevertheless to award attorneys' fees to counsel.

Although the reasoning of *Hudson Shipbuilders* may be questioned, this Court notes that the decision permits the trial court to determine that a failure to comply with Bankruptcy Rule 2019(a) may result in the imposition of *no sanctions or remedies* under Bankruptcy Rule 2019(b).

The difficulties with the representation by the same firm of the two secured claimants in this adversary proceeding quickly becomes apparent.

If the fair market value of the real property is closer to the value maintained by the City of Lafayette, it may become critical during the course of the Final Hearing, or other hearings before this Court, to de-

---

**6.** This is a published decision. Lexis has not yet assigned a specific citation to this older decision.

termine whether the City of Lafayette or Crossland has a first lien on Countryside Village. If the priority of the liens does become an issue, one law firm cannot vigorously defend the rights of both creditors. Nor is this point in dispute. Counsel for the secured creditors conceded that if this Court found it necessary to explore the priority of the liens, the law firm would be required to withdraw.

Unfortunately, the priority of the liens is very much an issue in this adversary proceeding. If this Court agrees that the value of Countryside Village does not exceed the value of $900,000 and Crossland has a first lien on the real property, Crossland becomes an undersecured creditor and the City of Lafayette becomes an unsecured creditor. Being designated an unsecured creditor would impact on the City of Lafayette's ability to receive any postpetition interest or any attorneys' fees in pursuing the vacatur of stay litigation, or to be treated as a secured or undersecured creditor in the Debtor's plan of reorganization. The interests of these two creditors are not aligned in this adversary proceeding. They cannot be represented by the same counsel.

At the initial hearing on the Motion to Determine Compliance with Bankruptcy Rule 2019, this Court indicated that the law firm should comply with the Rule and that a separate law firm should be retained for at least one of the secured creditors. The disclosure provisions of Bankruptcy Rule 2019, therefore, focused on one remedy; that is, permitting counsel to be heard as to one creditor, but because of the actual or potential conflict of interest, requiring that a second law firm step in and represent the other creditor. On this point, counsel for the secured creditors conceded that out-of-state law firms were already involved, so that it might not be that difficult to have a second law firm step in.

At the oral argument on the Motion for Reconsideration, when this Court stated that it would most likely have to consider the priority of the liens in this adversary, the conflict of interest issue became crystallized. Counsel then requested to withdraw as to both creditors, but still requested that this Court determine the Bankruptcy Rule 2019 issues as to the remaining three creditors that the law firm represented.

The Court's position remains the same as to the remaining three creditors: if the law firm can vigorously represent their interests after full disclosure under Bankruptcy Rule 2019, then it should continue to do so. If it cannot, again after appropriate disclosure under Bankruptcy Rule 2019, this Court may pursue one remedy under Bankruptcy Rule 2019; that is, direct the law firm to withdraw.

On the Motion for Reconsideration, counsel for the secured creditors argued that this Court should not be involved in the "administration" of the bankruptcy case. However, Bankruptcy Rule 2019 is a disclosure provision, which must necessarily be enforced as any other disclosure provision concerning attorneys or professionals, such as Bankruptcy Rules 2014 and 2016.[7]

---

7. **Rule 2014. Employment of Professional Persons.**

(a) **Application for and Order of Employment.** An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 or § 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

(b) **Services Rendered by Member or Associate of Firm of Attorneys or Accountants.** If, under the Code and this rule, a law partnership or corporation is employed as an attorney, or an accounting partnership or corporation is employed as an accountant, or if a named attorney or accountant is employed, any partner, member, or regular associate of the partnership, corporation or individual may act as attorney or accountant so employed, without further order of the court. **Rule 2016. Compensation for Services Rendered and Reimbursement of Expenses.**

Moreover, the Court should also play a role in ensuring that lawyers adhere to certain ethical standards. Bankruptcy Rule 2019 was designed for such a purpose. It is part of the Chapter 11 reorganization process that all matters should be done openly and subject to scrutiny, whether it is the proposal of a plan of reorganization, representation of the debtor, or representation of numerous creditors—secured or unsecured.

■ Counsel advances another argument on the Motion for Reconsideration. It urges that Bankruptcy Rule 2019 is somehow in contravention of Section 1109(b) of the Bankruptcy Code. This argument is misplaced. Section 1109(b) provides in pertinent part:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

**(a) Application for Compensation or Reimbursement.** An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity. **(b) Disclosure of Compensation Paid or Promised to Attorney for Debtor.** Every at-

Counsel argues that Bankruptcy Rule 2019 somehow abridges the creditors' right to be heard, and must, therefore, be of no force and effect pursuant to 28 U.S.C. § 2075.[8] However, this Court has not denied the right of any creditor to be heard. It has simply indicated that based upon the disclosures under Bankruptcy Rule 2019 and the proceedings before this Court, counsel may be unable to represent all of the creditors. Although this Court ordered counsel to comply with the Rule within a limited period of time and withdraw from representing at least one of the creditors in this adversary proceeding because the law firm could not aggressively represent the interests of both creditors in this adversary, this Court could have ordered more drastic measures. There has been no authority provided by counsel to the contrary.

■ Finally, this Court notes that it rendered its decision on the Motion for Reconsideration in a Bench Ruling on May 9, 1990. A Motion for Reconsideration is not specifically contemplated by the Federal Rules. Such Motions, however, have been

torney for a debtor, whether or not the attorney applies for compensation, shall file with the court within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed within 15 days after any payment or agreement not previously disclosed.

8. **28 U.S.C. § 2075 provides that:**
   The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11.
   Such rules shall not abridge, enlarge, or modify any substantive rights.
   Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of ninety days after they have been thus reported.

treated as Motions under *F.R.Civ.P.* 59(e) to alter or amend an order or judgment. *In re Curry and Sorenson, Inc.*, 57 B.R. 824, 827 (Bankr. 9th Cir.1986). However, there are only three grounds which may be asserted for such a motion:

(1.) manifest error of fact;

(2.) manifest error of law; or

(3.) newly discovered evidence.

6A J. Moore, J. Lucas & G. Grother, *Moore's Federal Practice* ¶ 59.07 (2d ed. 1989); *Brown v. Wright*, 588 F.2d 708 (9th Cir.1978). Much of the argument set forth in the Motion for Reconsideration was already considered and determined by this Court at the March 19, 1990 Hearing on the Motion to Determine Compliance. Counsel has included additional arguments in its Motion for Reconsideration. They have been considered and rejected by this Court in this Memorandum Decision. However, a Motion for Reconsideration should not address additional arguments. This Court should also note that it can find no error of fact or law in its prior Bench Ruling on the Motion to Determine Compliance with Bankruptcy Rule 2019.