**Durwood WILSON, et al.**

v.

**VALLEY ELECTRIC MEMBERSHIP CORP., et al.**

**Civ. A. No. 89–4846.**

United States District Court,
E.D. Louisiana.

May 20, 1992.

Carl H. Hanchey, Jones, Tete, Nolen, Hanchey, Swift & Spears, Lake Charles, La., for Beauregard Elec. Co-op., Inc.

Ford E. Stinson, Benton, La., for Bossier Rural Elec. Membership Corp.

William M. Shaw, Shaw & Shaw, Homer, La., for Claiborne Elec. Co-op., Inc.

Thurmand Leo Boothe, Smith, Taliaferro, Seibert, Boothe & Purvis, Jonesville, La., for Concordia Elec. Co-op., Inc.

James J. Davidson, III, Lead Counsel, Theodore G. Edwards, IV, Davidson, Meaux, Sonnier, McElligott & Swift, Lafayette, La., for Dixie Elec. Membership Corp., Pointe Coupee Elec. Membership Corp.

Wendell R. Miller, Jennings, La., for Jefferson Davis Elec. Co-op. Inc.

Edwin R. McIntyre, McIntyre & McIntyre, Winnboro, La., for Northeast La. Power Co-op., Inc.

James J. Davidson, III, Lead Counsel, Theodore G. Edwards, IV, Davidson, Meaux, Lafayette, La., James M. Funderburk, Duval, Funderburk, Sundbery & Lokell, Houma, La., for Southwest Louisiana Elec. Membership Corp.

Joseph Ernest Friend, Deborah Weisler Hayes, Friend, Wilson & Draper, New Orleans, La., William J. Burris, William J. Knight, Law Office of William J. Knight, Franklinton, La., for Washington–St. Tammany Elec. Co-op. Inc.

James B. Supple, Bauer, Darnall & Boudreaux, Franklin, La., for Teche Elec. Co-op. Inc.

William H. Patrick, III, Baton Rouge, La., Franklin Michael Adkins, Jan Marie Hayden, Bronfin, Heller, Steinberg & Berins, New Orleans, La., for Cajun Elec. Power Co-op. Inc.

John Robert Martzell, Lead Counsel, Scott R. Bickford, Regina O. Matthews, Martzell, Thomas & Bickford, New Orleans, La., Donald G. Kelly, Kelly & Salim, John Clifton Conine, Luster, Conine & Brunon, Jeffrey H. Thomas, Kelly, Townsend & Thomas, Natchitoches, La., for plaintiffs.

Henry C. Gahagan, Jr., Gahagan & Conlay, Natchitoches, La., for Valley Elec. Membership Corp.

## MEMORANDUM AND ORDER

SEAR, District Judge.

This is a proposed class action. The putative class is comprised of customers, shareholders, and members of the thirteen defendants, rural electric cooperatives ("RECs"). The proposed representatives for the class are six individuals who are each members, shareholders or customers

of the defendants, Valley Electric Membership Corporation ("VEMCO") or Bossier Rural Electric Membership Corporation ("BREMCO").

Plaintiffs seek to recover all rate increases instituted by the RECs without approval of the Louisiana Public Service Commission ("LPSC") between 1978 and 1989. La.Rev. Stat.Ann. § 45:1163, enacted in 1978, provided that REC rate schedules did not require LPSC approval "if the schedule previously was approved by the board of directors of the electric cooperative and by the federal government or any agency thereof." In 1989, the Louisiana Supreme Court declared this statute unconstitutional in light of the Louisiana Constitution of 1974. *Cajun Electric Power Coop., Inc. v. La. Public Service Commission,* 544 So.2d 362 (La.1989) (*Cajun II*), *rev'ing on rehearing,* 532 So.2d 1372 (La.1989) (*Cajun I*). Accordingly, plaintiffs allege that rate increases instituted by the RECs without the approval of the LPSC are unconstitutional and invalid and must be refunded. Jurisdiction is asserted under 28 U.S.C. §§ 1334(b) and 1452(a).

This action originally was filed in the 10th Judicial District Court for the Parish of Natchitoches, Louisiana. Defendants removed it to the United States District Court for the Western District of Louisiana. It was transferred here, where the Chapter 11 bankruptcy proceeding involving Washington–St. Tammany Electric Cooperative ("WST") was pending.

Defendant, Claiborne Electric Cooperative, Inc. ("Claiborne") has filed a motion to (1) dismiss suit for failure of complainant to comply with bankruptcy procedures regulating the filing of class proofs of claims in a bankruptcy proceeding; (2) deny certification of the purported class action under rule 23(c)(1); and (3) to classify the purported class action as a claim under rule 23(b)(3). Plaintiffs oppose this motion.

*Failure to Comply with the Requirements for Filing Class Proofs*

Claiborne contends that this action should be dismissed for the plaintiffs' failure to comply with bankruptcy procedures regulating the filing of class proofs of claims in a bankruptcy proceeding. Claiborne initially challenges the propriety of bringing a class action in a bankruptcy proceeding when one proof of claim is filed on behalf of the purported class (referred to as "class proofs of claim"), rather than each claimant individually filing his/her proof of claim, after which the claims obtain class treatment.

■ Because the Fifth Circuit has yet to address this issue, I have considered the decisions of those circuits that have.[1] In particular, I find the reasoning employed by Judge Easterbrook of the Seventh Circuit persuasive and adopt his analysis.

We start with the Bankruptcy Rules. Bankruptcy Rule 7023 provides: "Rule 23 F.R.Civ.P. applies in adversary proceedings." Bankruptcy Rule 9014, which applies to "a contested matter in a case ... not otherwise governed by these rules" states that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Rule 9014 thus allows bankruptcy judges to apply Rule 7023—and thereby Fed.R.Civ.P. 23, the class action rule—to "any stage" in contested matters. Filing a proof of claim is a "stage." All disputes in bankruptcy are either adversary proceedings or contested matters, so Rule 23 may apply throughout a bankruptcy case at the bankruptcy judge's discretion. Rule 23 provides for filing by a representative, not just prosecution by a representative of claims already pending. So the right to file a proof of claim on behalf of a class seems secure, at least if the bankruptcy judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014....[2]

---

**1.** *See Reid v. White Motor Corp.,* 886 F.2d 1462 (6th Cir.1989) (holding that class actions are permissible in bankruptcy); *In re Charter Co.,* 876 F.2d 866 (11th Cir.1989) (same); *In re American Reserve Corp.,* 840 F.2d 487 (7th Cir.

1988) (same); *contra In re Standard Metals Corp.,* 817 F.2d 625 (10th Cir.1987).

**2.** *In re American Reserve Corp.,* 840 F.2d at 488 (citations omitted).

I elect to incorporate Rule 23 of the Federal Rules of Civil Procedure into this proceeding and find, as did the Seventh Circuit, that a representative may file a proof of claim on behalf of a class.

■ In this action, a representative filed a proof of claim on behalf of the purported class within the bar date for filing proofs of claim.[3] I note that the proof of claim was filed in the bankruptcy court, whereas the Notice of Bar Date to File Proofs of Claim instructed that proofs of claim should be filed with the clerk of court for the district court.[4] This error in filing is not fatal. Bankruptcy Rule 5005 provides that proofs of claim erroneously filed shall be transmitted to the clerk of the proper court[5] and that, "[i]n the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery." Accordingly, I find that the proof of claim was timely filed.

■ The proof of claim was filed by the attorney for the plaintiffs, John Clifton Conine. Claiborne suggests that it is improper for an attorney to execute a proof of claim filed on behalf of a group of creditors. Bankruptcy Rule 3001 provides that "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent...." An attorney representing a creditor can execute a proof of claim on behalf of the creditor without filing any documentation evidencing his authority to act on behalf of his client. Rule 9010(a), subtitled "Authority to Act Personally or by Attorney," provides:

A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

The Rule is certainly not a model of clarity and seems to have escaped the critical and watchful eye of the Bankruptcy Committee on Rules of Practice and Procedure.[6] The Rule was obviously meant to read:

A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act in the entity's own behalf, (2) appear in a case under the Code through an attorney authorized to practice in the court, (3) appear in a case under the Code through an authorized agent or attorney in fact, who may perform any act not constituting the practice of law, or (4) appear in a case under the Code by proxy.

The Rule permits a creditor to "appear" through an attorney authorized to practice in the court and/or through an agent, attorney in fact, or by proxy. The distinction between attorney as used in the Rule from attorney in fact and the limits of authority of each to "appear" on behalf of a creditor is significant.

In a bankruptcy proceeding, an attorney possesses the same authority as in other proceedings.[7] The attorney may appear in the proceeding on behalf of his client in any

---

3. *In re Washington–St. Tammany Electric Cooperative, Inc.,* No. 88–4041, Doc. No. 61 (E.D.La. 1989), established a bar date of December 29, 1989. The proof of claim was filed on this day.

4. Ordinarily, a bankruptcy petition is allotted to and handled by a bankruptcy judge. In accordance with this standard procedure, the reorganization of WST initially was allotted to the bankruptcy judge. Nearly two years later, the order referring the action to the bankruptcy court was withdrawn. Thereafter, and at the time the notice of bar date was issued, the reorganization was handled in the district court. Because it is not customary for a district court to handle a bankruptcy action probably explains why the proof of claim was filed in the wrong court.

5. The Rule states that "[a] paper intended to be filed but erroneously delivered to ... the clerk of the district court shall ... be transmitted forthwith to the clerk of the bankruptcy court." This case presents the opposite situation, the paper was filed with the bankruptcy court, when it should have been filed in the district court. In keeping with the intent of the rule, I find that it applies to this situation as well.

6. I confess in this footnote, which I pray few will read, that this rule was carried over in this original form into the 1986 rules amendments while I was Chairman of the Advisory Committee on Bankruptcy Rules.

7. *In re Blankfein,* 97 F. 191, 193 (S.D.N.Y.1899).

manner constituting the practice of law.[8] Preparing a proof of claim and presenting it to the court to have it allowed constitutes the practice of law.[9] Moreover, a proof of claim is akin to a demand in a complaint for a money judgment in that each seeks to collect money allegedly owed by the named person or entity. An attorney unquestionably can file a complaint on behalf of a client.[10] Similarly, an attorney can file a proof of claim on behalf of a client.[11]

An attorney in fact, on the other hand, cannot engage in the practice of law. Additionally, unlike an attorney, an attorney in fact is an agent for his client or principal and the power of attorney executed by the client defines the limits of his authority.[12] For instance, the power of attorney most often confers upon the attorney in fact the power to vote on behalf of his principal/creditor at the election of the trustee,[13] whereas an attorney at law does not possess this authority.[14] Additionally, the power of attorney must be filed in the bankruptcy court,[15] unless the attorney in fact is simply filing a proof of claim.[16]

On the other hand, the authority of an attorney to act on behalf of his client arises from the employment relationship.[17]

The appearance in court of an attorney at law licensed to practice there carries with it the presumption of authority to appear and act for his client in the proceeding in which he seeks to represent him. His mere appearance is prima facie evidence that he is duly authorized to represent and act for his client, and this presumption is conclusive in the absence of countervailing evidence.[18]

Thus, an attorney need not submit documentary evidence of his authority to act on behalf of his client[19] because, "the fact of his being a practitioner of the court is all the evidence of his authority which the law requires." [20]

In recent years, only one court has addressed the authority of an attorney to file a proof of claim on behalf of his client.[21] As in this action, the claim was submitted by a law firm on behalf of a creditor unaccompanied by any power of attorney. The parties did not press the issue, but the court pursued it because, "[i]n view of the number of claims filed in this fashion, the question is of some importance." [22] Relying on Bankruptcy Rule 9010, the court concluded that a power of attorney need not accompany a proof of claim.[23]

■ Accordingly, it was permissible for the attorney to execute the proof of claim on behalf of the representative creditor without filing any documentary evidence establishing his authority to do so.

---

**8.** See In re H.E. Ploof Machinery Co., 243 F. 421, 421 (S.D.Fla.1916). See, e.g., In re Pearl Coal Co., 30 F.Supp. 964, 966–67 (M.D.Penn.1940); In re Herzikopf, 118 F. 101 (S.D.Cal.1902) (an attorney can file a voluntary or involuntary petition in bankruptcy on behalf of his client.).

**9.** In re H.E. Ploof Machinery, Co., 243 F. at 421.

**10.** See Fed.R.Civ.Proc. 11.

**11.** See Bankr.R. 7011.

**12.** See Advisory Committee Note to Form No. 17 and Form No. 18.

**13.** Bankruptcy Official Form No. 17, "General Power of Attorney," and No. 18, "Special Power of Attorney," each confer the power to vote for a trustee.

**14.** See, e.g., In re Capitol Trading Co., 229 F. 806 (N.D.N.Y.1916).

**15.** Rule 9010(c).

**16.** Id.

**17.** In re H.E. Ploof Machinery Co., 243 F. 421 (S.D.Fla.1916).

**18.** In re Gasser, 104 F. 537, 538 (8th Cir.1900).

**19.** Id. at 539; In re Herzikopf, 118 F. 101, 102 (S.D.Cal.1902); In re Blankfein, 97 F. at 193. See also In re Pearl Coal Co., 30 F.Supp. 964, 966 (M.D.Penn.1940) ("An attorney authorized to practice in the court where the bankruptcy proceedings are had is presumed to be duly authorized to appear and act for any creditor he assumes to represent, until the contrary is proved.")

**20.** In re Herzikopf, 118 F. at 102.

**21.** In re Roberts, 20 B.R. 914 (E.D.N.Y.1982).

**22.** Id. at 917 n. 2.

**23.** Id.

Claiborne further suggests that, because the proof of claim was filed on behalf of a class of creditors, Bankruptcy Rule 2019 was implicated and that the attorney filing the proof of claim failed to comply with Rule 2019. Rule 2019 provides, "In a ... chapter 11 reorganization case, ... every entity or committee representing more than one creditor ... shall file a verified statement with the clerk...." Claiborne relies on the Sixth Circuit's decision in *Reid v. White Motor Corp.* [24] as support for its contention that Rule 2019 is implicated when an attorney files a proof of claim on behalf of a class of creditors.

The facts in *Reid* indeed are analogous to the facts of this case. Reid, an attorney, filed a class action in state court against White Motor Corp. Thereafter, the defendant filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. Reid then filed a proof of claim on behalf of the class in the bankruptcy proceeding. The court held that the proof of claim was properly dismissed because "Reid had no authorization designating him as a representative of the putative class." [25] The court first found that Reid lacked standing to initiate the class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because Reid himself was not a member of the class, rather, "Reid was merely an attorney who had offered his services to the putative class in order to prosecute their [claim]." [26] The court then rejected Reid's argument that he was the authorized agent of the putative class because Reid, as agent, failed to file the requisite verified statement with the clerk in accordance with Bankruptcy Rule 2019. "Reid, who was an attorney representing the class and not a member of the class, has never filed a verified statement, pursuant to Rule 2019, with the clerk of the bankruptcy court delineating his authority to act as an agent for any purported class. His unilateral assertion of fiduciary status in his proof of claim was insufficient to

satisfy the formal requirements of Rule 2019." [27]

The decision advances two propositions. First, by noting that the attorney, as the party executing the proof of claim, was not a member of the class, the court suggests that only the creditor himself can execute the proof of claim. This holding conflicts with Bankruptcy Rule 3001, which permits an authorized agent of a creditor to execute a proof of claim, and Rule 9010, which permits an attorney or attorney in fact to execute a proof of claim. Second, by holding that the attorney was required to file a verified statement to evince his authority to act as agent for the purported class, the court suggests that an attorney filing a proof of claim as the authorized agent of the creditor must provide documentary support evidencing his authority to act on behalf of the creditor. This holding conflicts with Bankruptcy Rule 9010, which indeed permits an attorney to file a proof of claim on behalf of a creditor without further documentation. In light of Rule 9010, I do not find that an attorney representing the class must file a verified statement as evidence of his authority to act for the class. Nonetheless, the court's holding does raise the possibility that the named class representatives must file a verified statement. I however find compliance with the requirements of Rule 2019 impractical in the context of a class action.

Rule 2019 requires the filing of a verified statement that sets forth the names and addresses of the creditors, the nature and amount of the claims and the relevant facts and circumstances surrounding the employment of the agent. In a class action such as this one, there can be thousands of class members. Indeed, the first requirement for obtaining class treatment is that "the class is so numerous that joinder of all members is impracticable." [28] Thus, to name every class member as a creditor and provide his or her address in a verified statement is impractical, if not impossible,

---

**24.** 886 F.2d 1462 (6th Cir.1989).

**25.** *Id.* at 1471.

**26.** *Id.*

**27.** *Id.*

**28.** Fed.R.Civ.Proc. 23.

considering that, upon filing a class action, the class representatives often do not yet know the names of all the class members because the defendants possess this information. Moreover, the named class representatives do not acquire the authority to act on behalf of the class until, and unless, the court certifies the class. Thus, as in this case, when the class proof of claim was filed, the named representatives could not provide documentation evincing their authority to act on behalf of the class because they had not yet acquired that authority and could not have know the identity of each member of the class. Finally, Rule 2019 more appropriately seems to apply to the formal organization of a group of creditors holding similar claims, who have elected to consolidate their collection efforts, rather than to class actions.

*Class Treatment*

Alternatively, Claiborne argues that, in the event the Court does not dismiss plaintiffs' claim for failure to file their proof of claim properly, the Court should determine whether class certification is appropriate. Claiborne argues that the claims of the purported class are not common and that the complaint fails to specify under which portion of Rule 23 of the Federal Rules of Civil Procedure the action is brought, as required by Local Rule 1.12. Claiborne's latter argument is premature because the time for amending pleadings has not yet expired. Similarly, I find that determining the propriety of according plaintiffs' claims class treatment is premature.

Accordingly,

**IT IS ORDERED** that the motion to dismiss filed by Claiborne Electric Cooperative, Inc. is DENIED.