In The Matter of CF HOLDING COR-
PORATION/Colt's Manufacturing
Co., Inc., Debtors.

Bankruptcy Nos. 2–92–01038, 2–92–01039.

United States Bankruptcy Court,
D. Connecticut.

Sept. 14, 1992.

John B. Nolan, Jeffrey G. Grody and Theodore C. Morris, Day, Berry & Howard, Hartford, Conn., for movant.

F. Mark Fucci, Thomas A. Gugliotti and Gerald B. Goldberg, Schatz & Schatz, Ribicoff & Kotkin, Michael D. Colglazier, David P. King, Robert C. Threlkeld and Richard M. Poulson, Hogan & Hartson, of Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for Respondents.

## RULING ON MOTION FOR ORDER DETERMINING NONCOMPLIANCE WITH FED.R.BANKR.P. 2019

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

At issue in this proceeding is the reach of Fed.R.Bankr.P. 2019 [1] as it applies to attorneys. The Official Committee of Unsecured Creditors (movant) has moved the court to determine that two law firms, Hogan & Hartson (H & H), and Schatz & Schatz, Ribicoff & Kotkin (S & S, R & K) (together "respondents") who have jointly filed a Rule 2019 Statement (Statement), have failed to comply with all of the rule's mandatory provisions. The respondents contend no further compliance is necessary. The matter has been submitted upon briefs and oral argument.

### II.

### BACKGROUND

Colt's Manufacturing Co., Inc. (Colt's) and CF Holding Corp. (Holding), the debtors in these jointly-administered chapter 11 cases, are a firearms manufacturing company and the corporation which owns all of Colt's issued stock. The entities which own the common and preferred equities issued by Holding are located locally and in foreign countries and include State of Connecticut Retirement Plans and Trust Funds.

The "Amended Rule 2019 Statement" filed by the respondents on August 20, 1992 lists the following six entities they represent: H.L. Oakes & Company, Inc. (Oakes & Co.); Independent Investment Company plc (Independent); Long Barrel Company (Long Barrel); Mapterm Limited (Mapterm); Overseas and Foreign Managers, Inc. (Overseas); C.F. Intellectual Property Limited Partnership (CFIP). The first five entities listed are stated to be holders

---

1. Fed.R.Bankr.P. 2019—*Representation of Creditors and Equity Security Holders in Chapter 9 Municipality and Chapter 11 Reorganization cases*

(a) DATA REQUIRED. In a chapter 9 municipality or chapter 11 reorganization case, except with respect to a committee appointed pursuant to § 1102 or 1114 of the Code, every entity or committee representing more than one creditor or equity security holder and, unless otherwise directed by the court, every indenture trustee, shall file a verified statement setting forth

    (1) the name and address of the creditor or equity security holder;

    (2) the nature and amount of the claim or interest and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition;

    (3) a recital of the pertinent facts and circumstances in connection with the employment of the entity or indenture trustee, and, in the case of a committee, the name or names of the entity or entities at whose instance, directly or indirectly, the employment was arranged or the committee was organized or agreed to act; and

    (4) with reference to the time of the employment of the entity, the organization or formation of the committee, or the appearance in the case of any indenture trustee, the amounts of claims or interests owned by the entity, the members of the committee or the indenture trustee, the times when acquired, the amounts paid therefor, and any sales or other disposition thereof.

The statement shall include a copy of the instrument, if any, whereby the entity, committee, or indenture trustee is empowered to act on behalf of creditors or equity security holders. A supplemental statement shall be filed promptly, setting forth any material changes in the facts contained in the statement filed pursuant to this subdivision.

of "interests" in Holding, "acquired more than one year prior to the petition date." The sixth entity, CFIP, with a Wethersfield, Connecticut address, is stated to be a creditor of Colt's, with over four million dollars in royalties due CFIP under a "Technology and Trademark Licensing Agreement." Long Barrel has the same address as CFIP; Oakes & Co. and Overseas share the same address in London, England; Mapterm has a London, England address; and Independent maintains an Edinburgh, Scotland address.

The Statement divulges the names of individuals who contacted H & H for the purpose of having H & H represent the various corporate and partnership entities. H & H's principal office being in Baltimore, Maryland, S & S, R & K of Hartford has been retained by H & H as local counsel.

The Statement contains a representation "that after a review of all the facts and circumstances regarding the representation of these entities, counsel has concluded that there is no actual, non-waivable conflict in the representation of these entities."

## III.

## DISCUSSION

The purpose of Rule 2019 is to further the Bankruptcy Code's goal of complete disclosure during the business reorganization process, and was designed to cover entities which, during the bankruptcy case, act in a fiduciary capacity to those they represent, but are not otherwise subject to control of the court. *See, generally,* 8 *Collier on Bankruptcy* ¶ 2019.03 at 2019–4 (15th Ed.1992). The parties to this proceeding are in agreement that the rule applies to attorneys who represent more than one creditor or equity interest holder. *Id.* at 2019–5. Reported case law on the issue of exactly what must an attorney declare in a Rule 2019 statement in order to comply with the rule is very sparse.

The movant's initial objection to the Statement has to do with discrepancies noted between the entities the respondents listed as clients, and pleadings filed by the respondents on behalf of additional parties. The respondents have sufficiently addressed that discrepancy found in the original Statement, explaining that certain parties for whom they had previously filed pleadings are no longer represented by the respondents or are not creditors or equity security holders of the debtor.

■ The movant next objected to the respondents' failure to include in their Statement "a copy of the instrument, if any, whereby the entity ... is empowered to act on behalf of creditors or equity security holders." *See supra* note 1, *citing* Fed.R.Bankr.P. 2019. The respondents insist that, as attorneys, they do not have to comply with this provision and need not file their "engagement letters." *Respondent's Supplemental Memorandum* at 4. There are no reported court rulings on point. In *Wilson v. Valley Electric Membership Corp.,* 141 B.R. 309, 314 (E.D.La.1992), District Judge Sear (former Chairman of the Advisory Committee on Bankruptcy Rules), in denying a motion to dismiss a class proof of claim, held that Rule 2019 does not mandate that attorneys representing a class file a statement authorizing the attorney to act for the class because it would be "impractical, if not impossible." Judge Sear noted in *dicta,* however, that "Rule 2019 more appropriately seems to apply to the formal organization of a group of creditors holding similar claims, who have elected to consolidate their collection efforts rather than to class actions." *Id.* at 315. I conclude that the disclosure underpinnings of Rule 2019 requires the respondents to disclose the written basis, if any, for their representation of the listed entities. Accordingly, the respondents shall file a copy of any instrument empowering the respondents to act on behalf of the listed entities. This ruling, in effect, adopts Judge Sear's dicta in *Wilson* as being an informed and reasonable construction of this part of Rule 2019(a).

■ The movant argues that the respondents "have failed to make the required declaration regarding 'the amount of claims or interests owned by the [Law Firms' clients] ... the times when ac-

quired, the amounts paid therefor, and any sales or disposition thereof.' Fed. R.Bankr.P. 2019(a)(4)." *Movant's Memorandum* at 9. I believe the movant has misread Rule 2019(a)(4) in that this portion of the rule applies to the entity filing the Rule 2019 statement (e.g. the respondents) *not* the parties represented by the respondents. The respondents, however, pursuant to Rule 2019(a)(2), must supply the "nature and amount" of the "interest" they describe the first five listed clients hold. The language "unless ... acquired more than one year prior to the filing of the petition" more appropriately refers to the "time of acquisition" and not to the "nature and amount" of the claims or interests.

As noted, the respondents represented in the Statement that in their view no conflict exists in the multiple representations. That issue will not be before the court, if at all, until such time as there has been a complete compliance by the respondents with Rule 2019. *Cf. City of Lafayette, Colorado v. Oklahoma P.A.C. First Limited Partnership (In re Oklahoma P.A.C. First Limited Partnership)*, 122 B.R. 387, 393 (Bankr.D.Ariz.1990) (Rule 2019 designed to allow court to "play a role in ensuring that lawyers adhere to certain ethical standards.").

■ Finally, the movant apparently requests that the respondents identify each party who is a stockholder or partner in each of the six entities the respondents represent, although the movant's papers are not particularly clear to the court in this respect. The court will not so order. It is not certain that the respondents would have such information or that it is relevant to the important, but limited, purposes of Rule 2019. If such information becomes material as this case progresses, the respondents are under the continuing obligation to file supplemental statements.

## IV.

### CONCLUSION

The movant's request that the court order the respondents to comply fully with the provisions of Rule 2019(a) is granted and the respondents shall file a supplemental statement in compliance with the rulings made herein. It is

SO ORDERED.