In re TREBOL MOTORS DISTRIBUTOR CORPORATION and Trebol Motors Corporation, Debtors.

TREBOL MOTORS DISTRIBUTOR CORPORATION and Trebol Motors Corporation, Appellants,

v.

Luis A. BONILLA, et al., Appellees.

BAP Nos. PR 97–051, PR 97–052.

United States Bankruptcy Appellate Panel of the First Circuit.

May 18, 1998.

Charles A. Cuprill–Hernandez, Charles A Cuprill-Hernandez Law Offices, Ponce, PR, on brief for Appellants.

Sergio A. Ramirez de Arellano, Sergio A. Ramirez de Arellano Law Offices, san Juan, PR, Nancy Worth Davis, Paul H. Hulsey and Ness Motley, Loadholt, Richardson & Poole, P.A., Charleston SC, on brief for Appellees.

Before VOTOLATO, Chief Judge, and HILLMAN and VAUGHN, Bankruptcy Judges.

HILLMAN, Judge.

In these consolidated matters Debtors/Appellants, Trebol Motors Corporation and Trebol Motors Distributor Corporation (collectively "Debtors") appeal from a final decision of the United States Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court") granting motions permitting the filing of class proofs of claim by an attorney on behalf of a class of claimants.

For the reasons stated below we affirm.

I. *Facts*

In June 1992, Creditor/Appellee Luis A. Bonilla ("Bonilla") filed suit in the United States District Court for the District of Puerto Rico (the "District Court") on behalf of himself and other plaintiffs, alleging that the Debtors had violated the Racketeer Influ-

enced and Corrupt Organizations Act, 18 U.S.C. § 1962 (the "Class Action"). On March 3, 1993, the District Court certified a class with Bonilla as its representative (the "Bonilla class").[1] The law firm of Ness Motley, Loadholt, Richardson & Poole, P.A. ("Ness Motley") served as co-counsel to the Bonilla class. Paul H. Hulsey ("Hulsey") is a member of Ness Motley. On October 10, 1996, final judgment was entered against Debtors in the Class Action in the amount of $129,591.300. That judgment is presently on appeal. Meanwhile, the Debtors had filed for relief under Chapter 11 of the Bankruptcy Code on September 30, 1996.[2]

On October 2, 1996 the Bankruptcy Court set January 30, 1997 as the bar date for filing proofs of claim. In its schedules, the Debtor had listed the Bonilla Class as a creditor, with the address of Ness Motley in care of another attorney there.[3]

On January 29, 1997, one day before the bar date, Hulsey filed a proof of claim in the Bankruptcy Court on behalf of the "Bonilla Class", identifying the class by reference to the District Court action. Hulsey also filed a motion asking that the court

> grant an extension of time for individual members of the class of creditors described more fully below as the Bonilla Class to file Proofs of Claim herein, or in the alternative, to determine that the filing of the Proof of Claim by the Bonilla Class on January 29, 1997 is filed timely and correctly by a representative of the class of creditors pursuant to Federal Rule of Civil Procedure 23 and Federal Rules of Bankruptcy Procedure 7023 and 9014.

*Bonilla Class' Motion and Supporting Memorandum For Extension of Time to File Proofs of Claim or in the Alternative to Allow Filing of Proofs of Claim by a Class Representative*, App. Appendix at 1.

On February 12, 1997 and March 12, 1997, after the bar date, Hulsey filed verified statements pursuant to Rule 2019 indicating that individual class members of the Bonilla Class as defined and certified in the District Court's certification order retained Ness Motley. He further asserted that

> The appointment continues for the purpose of the appeal of [United States District Court] Judge Pieras' Final Judgment awarding damages, for purposes of negotiating settlement and/or for pursuing the claims of class members as creditors of Trebol Motors Corporation and/or Trebol Motors Distributors Corporation.[4]

*Verified Statement in Connection with the Representation of Class Creditors, as Required by F.R.B.P.2019*, App. Appendix at 151, 152.

The individual creditors did not file individual proofs of claim.

On April 17, 1997, Debtors filed answers to the motions.

The Bankruptcy Court granted the motion to file the class proofs of claim on June 27, 1997. Judge Carlo found that a previously certified class may file a proof of claim as a class and that the proofs filed by Hulsey on behalf of the Bonilla Class constituted proofs of claim of the class which the District Court had certified. This appeal followed.

## II. *Issues*

The issues before us may be summarized as follows:

1. May a class claim be filed in a bankruptcy case?

2. If so, was Bonilla's claim properly filed?

3. If class proofs of claim are not appropriate in a bankruptcy case, what should be the disposition of the motion for an extension of the bar date?

---

1. As ultimately fixed, the class is defined as Bonilla and others as representatives of certain purchasers of motor vehicles from Debtors.

2. The Debtors have raised the propriety of the issuance of judgment subsequent to the filing of the petition as one of the grounds of appeal to the First Circuit.

3. The addresses of individual class members appear in an exhibit to the Rule 2019 statement subsequently discussed.

4. Judge Carlo found that the Debtors "do not dispute" that the appointment continues to this extent.

### III. Standard of Review

The issues present questions of law which are subject to *de novo* review. *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995).

### IV. Discussion

#### 1. Class claims in bankruptcy

The First Circuit has not addressed the issue of class claims in bankruptcy,[5] but all of the circuit courts which have spoken have held that they are permitted. *See Birting Fisheries v. Lane (In re Birting Fisheries, Inc.),* 92 F.3d 939 (9th Cir.1996); *Reid v. White Motor Corp.,* 886 F.2d 1462 (6th Cir. 1989), *cert. denied,* 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *In re Charter Co.,* 876 F.2d 866 (11th Cir.1989), *cert. dismissed,* 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); *In the Matter of American Reserve Corp.,* 840 F.2d 487 (7th Cir. 1988).[6] We agree that class proofs of claim are permissible in cases under the Bankruptcy Code.

#### 2. Was the Bonilla Class claim properly filed?

The same District Court of which the Bankruptcy Court is a unit, 28 U.S.C. § 151, previously certified the Bonilla class as a class. There was a final judgment;[7] the parties involved in the instant dispute are the same; and the same cause of action is involved. All of the elements of claim preclusion are satisfied. *See Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1994). Under these circumstances we have no difficulty in holding that the Bonilla Class itself may file a proof of claim. Since the class is the holder of the claim, it follows that a single proof of claim will suffice. As Judge Carlo noted below,

> Prior to this contested matter, the debtors have been content to treat the Bonilla creditors as one entity. The debtors scheduled the claim of the Bonilla creditors as one debt. Likewise, the debtors have not given separate notices of a claims bar date or other matters arising in these bankruptcy proceedings to the estimated 15,000 individuals who comprise the Bonilla class.

*Decision and Order of June 26, 1997,* slip op. pg. 5–6.

#### 3. Filing of the class proof by Hulsey

Fed. R. Bankr.P. 3001(b) requires that a proof of claim be executed by "a creditor or a creditor's authorized agent". Fed. R. Bankr.P. 9010(a)(1) provides that

> A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own interest or by an attorney authorized to practice in the court. . . .

We believe that Rule 9010 provides ample basis for our holding that an attorney representing a creditor can execute a proof of claim on behalf of a class action creditor. There is no need for the attorney to document his or her authority in the first instance. An attorney must provide evidence of a power of attorney only when the representation is *"other than* the execution and filing of a proof of claim or the acceptance or rejection of a plan". Fed. R. Bankr.P. 9010(c). (emphasis added). We agree with Judge Sear that

> hearing it determined that there had been error below regarding notice requirements and "in view of the disposition of this appeal it is not necessary to consider the class action claims issue." *Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383, 1386 (1987). As a result there is no precedential value to the original holding. *See The Charter Company, supra,* at 869, n. 4.

---

**5.** At the bankruptcy court level we find *In re Computer Devices, Inc.,* 51 B.R. 471 (Bankr. D.Mass.1985), which has been cited as holding that class proofs are never permitted, *American Reserve, infra,* at 488, but which has also been construed as holding "that the appropriateness of a class action in a particular matter is a matter for the exercise of judicial discretion." *In re Wang Laboratories, Inc.,* 164 B.R. 401, 402 (Bankr.D.Mass.1994).

**6.** The first circuit court to address the issue originally ruled to the contrary, *In re Standard Metals Corp.,* 817 F.2d 625 (10th Cir.1987), but on re-

**7.** A judgment on appeal is nevertheless a final judgment. *Rhode Island Hospital Trust Nat'l Bank v. Bogosian (In re Belmont Realty Corp.),* 11 F.3d 1092, 1095 (1st Cir.1993).

The appearance of an attorney at law licensed to practice there carries with it the presumption of authority to appear and act for his client in the proceeding in which he seeks to represent him. His mere appearance is prima facie evidence that he is duly authorized to represent and act for his client, and this presumption is conclusive in the absence of countervailing evidence.

*Wilson v. Valley Electric Membership Corp.,* 141 B.R. 309, 313 (E.D.La.1992) (citations and internal quotation omitted).

This conclusion is contrary to that reached by the Sixth Circuit in *Reid, supra,* which we respectfully decline to follow for the reasons given by Judge Sear in *Wilson.* The filing by Hulsey was sufficient in the first instance. As we have held that a previously certified class is a single claimant, compliance with Fed. R. Bankr.P.2019 was unnecessary.

4. Having determined the first two issues as we have, it is not necessary to answer the last.

## V. *Conclusion*

For the reasons stated, the decision of the Bankruptcy Court is affirmed.